HALL, Judge.
The state appeals for the second time the downward departure sentence imposed on the appellee, Peter Fraser. The state’s first appeal resulted in a remand by this court for resentencing within the guidelines because of a lack of contemporaneous written reasons. 564 So.2d 1262 Upon remand, the trial court again imposed a downward departure sentence, nunc pro tunc to the original sentencing date of October 31, 1989, but contemporaneously submitted written reasons in support thereof. Those reasons include the appellee’s effectively following a course of treatment for his drug abuse problem, which the trial court found to be the appellee’s underlying problem, and the appellee’s substantial community and family support. While we may be sympathetic with the trial court, we are constrained by the law of this case and by prior case law requiring resentencing within the guidelines upon remand of a departure sentence for failure to submit written reasons in support thereof. Pope v. State, 561 So.2d 554 (Fla.1990).
We note that the Third District has certified to the supreme court the question of whether Pope applies retroactively. State v. Smith, 562 So.2d 451 (Fla. 3d DCA 1990); Perez v. State, 566 So.2d 881 (Fla. 3d DCA 1990). Since the appellee was sentenced prior to April 26, 1990, the date Pope was rendered, we also certify that question as its answer would determine whether the appellant must be resentenced within the presumptive guidelines range.
Because the appellant has been confined under community control since October 31, 1989, we further certify the following question:
WHEN THE TRIAL COURT SENTENCES A DEFENDANT TO A PERIOD OF TIME UNDER THE DEPARTMENT OF CORRECTIONS, PURSUANT TO A VIOLATION OF COMMUNITY CONTROL, CAN HE BE GIVEN CREDIT FOR TIME SERVED ON COMMUNITY CONTROL UNDER SECTION 921.161, FLORIDA STATUTES (1985)?
Remanded with directions consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.