602 So.2d 1299 (1992)
Peter N. FRASER, Petitioner,
v.
STATE of Florida, Respondent.
No. 78333.
Supreme Court of Florida.
July 23, 1992.
James Marion Moorman, Public Defender and Allyn Giambalvo, Asst. Public Defender, Clearwater, for petitioner.
Robert A. Butterworth, Atty. Gen. and David R. Gemmer, Asst. Atty. Gen., Tampa, for respondent.
BARKETT, Chief Justice.
We review State v. Fraser, 582 So.2d 171, 172 (Fla. 2d DCA 1991), in which the district court certified two questions of great public importance.[1]
While on probation for unrelated offenses, Fraser pled guilty to unarmed robbery and auto theft. The court imposed concurrent sentences of five years' imprisonment for the auto theft conviction and five and a half years' imprisonment on the robbery conviction. The court suspended the sentences and placed Fraser on community control for five years and seven years respectively, which constituted a downward departure from the sentencing guidelines. Although the judge orally stated his reasons for the downward departure, he did not issue contemporaneous written reasons. The State appealed the sentence, *1300 and the district court reversed pursuant to Pope v. State, 561 So.2d 554 (Fla. 1990) (holding that where trial court fails to provide written reasons for departure, trial court must impose a guidelines sentence on remand). See State v. Fraser, 564 So.2d 1262 (Fla. 2d DCA 1990). At resentencing, the trial court again imposed the downward departure sentence and provided written reasons. The State again appealed, and the district court again reversed, but certified two questions of great public importance. The first question[2] was subsequently answered in this Court's opinion in Smith v. State, 598 So.2d 1063 (Fla. 1992), holding that Pope applies retroactively. The second question asks:
When the trial court sentences a defendant to a period of time under the Department of Corrections, pursuant to a violation of community control, can he be given credit for time served on community control under section 921.161, Florida Statutes (1985)?
Fraser, 582 So.2d at 172.
Under the circumstances presented here, we answer the question in the affirmative.
We note initially that this Court has already established that community control is a more coercive deprivation of liberty and a more serious penalty than probation. State v. Mestas, 507 So.2d 587, 588 (Fla. 1987) ("Community control, which is a harsh and more severe alternative to ordinary probation, is a departure sentence when the guidelines call for any `nonstate prison sanction.'"); Skeens v. State, 556 So.2d 1113 (Fla. 1990) (holding that stacking sentences of community control and probation is permissible). Consequently, cases finding that probation or parole should not be credited toward jail sentences are inapplicable to the question presented. See, e.g., Pennington v. State, 398 So.2d 815 (Fla. 1981); Simmons v. State, 217 So.2d 343 (Fla. 2d DCA 1969), overruled on other grounds by Brumit v. Wainwright, 290 So.2d 39 (Fla. 1973).
In this case, Fraser was successfully completing a sentence of community control when he was informed that, through no fault of his own, the sentence was illegally imposed. We are not confronted here with a situation in which a defendant has transgressed and is therefore rightly facing an increased punishment. Nor are we faced with a defendant who has reaped an undeserved windfall, as in Cheshire v. State, 568 So.2d 908 (Fla. 1990), where the lower guideline sentence was the result of an erroneous miscalculation of the scoresheet. Here Fraser has not breached the trust placed in him by the trial court. He faces a four and a half year prison sentence now simply because of the trial court's initial failure to provide contemporaneous written reasons for departure. We agree with Fraser that it would be unfair and inequitable to penalize him for a clerical mistake for which he was not responsible.
Therefore, we hold that Fraser is entitled to credit for the time he has served on community control. Accordingly, we answer the certified question, under the facts of this case, in the affirmative.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] Should Pope v. State, 561 So.2d 554 (Fla. 1990), be applied retroactively to sentences imposed prior to April 26, 1990?