PER CURIAM.
The state challenges a downward departure sentence that was imposed without regard to the requirements of Ree v. State, 565 So.2d 1329 (Fla.1990). Specifically, the trial court failed to issue contemporaneous written reasons when it sentenced appellee to community control and a term of probation; appellee’s guidelines scoresheet recommended 7 to 9 years in prison.[1] We agree that the trial court’s delay necessitates a remand for resentencing with no possibility of departure from the guidelines. See Fraser v. State, 602 So.2d 1299 (Fla.1992); Owens v. State, 598 So.2d 64 (Fla.1992); Pope v. State, 561 So.2d 554 (Fla.1990). However, appellee’s sentence must not exceed the statutory maximum. See Fla.R.Crim.P. 3.701(d)10. On remand, we alert the trial court to Fraser, supra, which allows credit for time served on community control.
The challenged sentence is vacated, and the cause remanded for resentencing.
SMITH, WIGGINTON and MINER, JJ., concur.

. At sentencing, the state only sought a five year sentence, which represented the statutory maximum for appellee's third-degree felony (attempted lewd assault on a child).