615 So.2d 712 (1993)
James Arthur SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 92-03887.
District Court of Appeal of Florida, Second District.
January 6, 1993.
James Arthur Smith, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
James Arthur Smith appeals an order denying his motion for correction of sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In early 1991, Mr. Smith pleaded nolo contendere to handling and fondling a child under the age of sixteen. He was sentenced to community *713 control. Thereafter, he violated the conditions of his community control and was sentenced on December 9, 1991, to three years' incarceration. The trial court did not give the defendant jail credit for the time he spent on community control. Smith argues that his sentence is illegal as a result of the supreme court's decision in Fraser v. State, 602 So.2d 1299 (Fla. 1992). We disagree.
In Fraser, the trial court had initially given the defendant a downward departure sentence of community control. Because the trial court failed to provide contemporaneous written reasons for the departure, the state appealed and this court reversed the sentence. State v. Fraser, 564 So.2d 1262 (Fla. 2d DCA 1990). In a subsequent appeal, we held that the trial court could not provide written reasons for a downward departure at Fraser's sentencing on remand, but was required to sentence Fraser to a guidelines sentence. State v. Fraser, 582 So.2d 171 (Fla. 2d DCA 1991). Because it seemed unfair to imprison Fraser merely as a result of a paperwork error by the trial judge, we certified two questions to the supreme court. One of those questions asked whether a trial court "can" give credit for time served on community control. Thus, the issue before the supreme court in Fraser was whether the trial court had the discretion under section 921.161, Florida Statutes (1989), to give jail credit for successfully completed periods of community control.
The supreme court answered the certified question in the affirmative. Its opinion, however, emphasized that its answer was based on "the circumstances presented here." 602 So.2d at 1300. It pointed out that Fraser was successfully completing his sentence of community control when, through no fault of his own, he was required to return to prison.
Although a trial court has discretion to grant jail credit for time served on community control under circumstances justifying that credit, it has no legal obligation to give such credit to a defendant who violates the conditions of his community control. In Fraser, the supreme court accurately notes that community control is a more coercive deprivation of liberty than probation. It is not, however, a functional equivalent of jail. Mathews v. State, 529 So.2d 361 (Fla. 2d DCA 1988). Fraser did not overrule Mathews. We continue to hold that a trial court may legally deny jail credit for an unsuccessful term of community control.
RYDER, A.C.J., and PATTERSON, J., concur.