627 So.2d 1 (1993)
Mark Anthony FERNANDEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-2570.
District Court of Appeal of Florida, Third District.
August 10, 1993.
Rehearing Denied December 21, 1993.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., and Keith S. Kromash, Certified Legal Intern, for appellee.
Before NESBITT, COPE and GODERICH, JJ.
COPE, Judge.
Mark Anthony Fernandez appeals an order denying him credit for time served on pretrial house arrest. We affirm.
Prior to entering a negotiated plea of guilty, defendant served eighteen days in the county jail. He received credit for the eighteen days on the sentencing order.
However, defendant also was placed in the pretrial house arrest program for several months prior to entering his plea. Under the house arrest program, defendant was to be in his residence except for the days and hours when he was at his place of employment. Defendant wore an ankle bracelet used for monitoring his whereabouts. He checked in with a supervising officer by telephone daily, and in person once a week. Defendant contended that this was the functional equivalent of incarceration in the county jail, and that accordingly he should be credited with the time served in that status. The trial court denied the motion and defendant has appealed.
As we construe the decision in Tal-Mason v. State, 515 So.2d 738 (Fla. 1987), credit for time served in house arrest was correctly denied. Subsection 921.161(1), Florida Statutes (1991), provides that "the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence." Tal-Mason held that where a defendant was involuntarily committed to a mental institution because of incompetency to stand trial, custody in the forensic ward of the mental institution was a coercive deprivation of liberty and the functional equivalent of custody in the county jail, thus entitling defendant to credit for time served. 515 So.2d at 739-40. The court distinguished time served in probationary rehabilitation programs, including halfway houses, as involving a freer environment with less restrictions on liberty. Id. at 739. "Probationary conditions are more in the nature of a contract between the probationer and the state. The defendant clearly has a choice to reject those conditions, albeit at the risk of continued detention in jail or prison." Id.
In our view the house arrest program falls into the latter category. A defendant can be *2 considered for house arrest only upon agreement to abide by the conditions of the program. The defendant enjoys considerably greater liberty than would be the case by remaining in jail. The house arrest program serves the function of imposing restraints on the defendant's liberty prior to trial. The conditions under which that is done, however, do not impose on the defendant restraints which are so onerous as to be equivalent to incarceration in the county jail or the forensic ward of a mental hospital.
Defendant contends, however, that credit is required by Fraser v. State, 602 So.2d 1299 (Fla. 1992). We disagree. As explained in Smith v. State, 615 So.2d 712 (Fla. 2d DCA 1993):
In Fraser, the trial court had initially given the defendant a downward departure sentence of community control. Because the trial court failed to provide contemporaneous written reasons for the departure, the state appealed and this court reversed the sentence. State v. Fraser, 564 So.2d 1262 (Fla. 2d DCA 1990). In a subsequent appeal, we held that the trial court could not provide written reasons for a downward departure at Fraser's sentencing on remand, but was required to sentence Fraser to a guidelines sentence. State v. Fraser, 582 So.2d 171 (Fla. 2d DCA 1991). Because it seemed unfair to imprison Fraser merely as a result of a paperwork error by the trial judge, we certified two questions to the supreme court. One of those questions asked whether a trial court "can" give credit for time served on community control. Thus, the issue before the supreme court in Fraser was whether the trial court had the discretion under section 921.161, Florida Statutes (1989), to give jail credit for successfully completed periods of community control.
The supreme court answered the certified question in the affirmative. Its opinion, however, emphasized that its answer was based on "the circumstances presented here." 602 So.2d at 1300. It pointed out that Fraser was successfully completing his sentence of community control when, through no fault of his own, he was required to return to prison.
Id. at 713 (emphasis added); accord Chancey v. State, 614 So.2d 18, 18-19 (Fla. 4th DCA 1993); cf. Goss v. State, 608 So.2d 541 (Fla. 3d DCA 1992) (crediting community control against a post-conviction sentence for community control). We agree with Smith and Chancey that Fraser was intended to be confined to the unusual facts there presented.
For present purposes, the rule of decision is supplied by Tal-Mason. Defendant seeks credit against the incarcerative portion of his sentence for the time served in house arrest. Under Tal-Mason, defendant is not entitled to the credit he seeks.
Affirmed.