HARRIS, Chief Judge.
This is an Anders appeal. Because we believed that Fraser v. State, 602 So.2d 1299 (Fla.1992) might have some applicability to this ease, we ordered supplemental briefing. After further review, we find that any Fraser argument was not preserved for appeal because Wright neither asked for the equitable credit[1] for time spent on community control at sentencing nor did he make a contemporaneous objection to his sentence. The sentence imposed is not illegal nor is the failure to grant the Fraser equitable credit fundamental error.
The Florida Supreme Court in State v. Causey, 503 So.2d 321 (Fla.1987) established our obligation to assure indigents a fair and meaningful Anders review as being to “examine the record to the extent necessary to discover any errors apparent on the face of the record.” Causey, 503 So.2d at 322. The court did not direct that we ignore the deficiencies in the record below — a record created when the defendant was, in fact, represented by counsel.
As the supreme court said in State v. Whitfield, 487 So.2d 1045, 1046 (Fla.1986) and repeated in Dailey v. State, 488 So.2d 532, 534 (Fla.1986):
Sentencing errors which do not produce an illegal sentence still require a contemporaneous objection if they are to be preserved for appeal.
AFFIRMED.
PETERSON, J., concurs.
GRIFFIN, J., dissents, with opinion.

. By enacting section 921.161(1), the legislature, in its wisdom, provided that
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence. (Emphasis added.)
This language itself indicates a clear intent not to give credit for pre-incarceration, non-secure release such as probation or community control. Certainly the doctrine of inclusio unius est exclu-sio alterius would require this interpretation. Therefore, the Fraser credit is purely a court-created criminal "equitable right.” The question remains as to whether the availability of the credit is discretionary [permitting the trial court to recognize its previous error as a ground for downward departure] as implied by the certified question answered in Fraser or is mandatory whenever one has partially served a community control “sentence” which is held illegal. It seems, however, that even Fraser holds that the entitlement to such credit must be based on "the circumstances" of the particular case. For example, would one who leads the court into error by urging the jail time/community control sentence (even if contrary to the guidelines) in order to avoid the prison term mandated by the score-sheet' be "entitled” to credit for time spent on community control when the error is caught?
It is submitted that in order to claim error in not receiving the Fraser credit, one must seek it below and establish, in the record, his or her entitlement to it.