GRIFFIN, Judge,
dissenting.
I respectfully dissent. On June 11, 1992, the defendant was adjudged guilty of violation of probation and was sentenced by the trial court to four and one-half years in the Department of Corrections, suspended after serving 180 days, followed by two years of community control.[1] After serving 149 days, he was released to begin serving his community control. Thus, at the latest, by early *536 October 1992, this defendant had commenced his term of community control.
Unfortunately for the defendant, an appeal was filed on his behalf. The public defender filed an Anders brief and sought leave to withdraw on the basis he was unable to argue in good faith any reversible error was committed by the trial court. After reviewing the entire record, as we are bound to do in such cases, in December 1992, this court denied the motion and ordered the public defender to submit a supplemental brief on the question whether appellant’s sentence, combining incarceration and community control, constituted a departure from the sentencing guidelines since the guidelines authorized a sentence of community control or incarceration. In February 1993, this court issued its opinion reversing the sentence combining incarceration and community control and remanding to the lower court for resentencing. On April 29, 1993, the lower court resentenced the defendant by deleting the combination of incarceration and community control that this court had earlier determined to be illegal. The sentence pronounced was four and one-half years incarceration. He received no credit for the several months he served on community control before the resentencing.
Here, as in Fraser v. State, 602 So.2d 1299 (Fla.1992), the defendant had not breached the trust placed in him by the trial court in putting him on community control. This defendant, like Fraser, was successfully completing his sentence of community control when he was informed that the sentence he was serving had been illegally imposed and he was now subject to incarceration. The colloquy between the defendant and the lower court makes that fact abundantly clear:
The Defendant: Well, Your Honor, I have been on probation now for three years and I haven’t been in anymore trouble since then. And just for some reason, you know, I keep getting violated on probation and I just ...
The Court: Mr. Wright, you weren’t violated. What happened was, you appealed my sentence, the Fifth, the Appellate Court, decided that was an illegal sentence, and now I’m going to impose a legal sentence.
The Defendant: Yes ma’am.
The Court: It’s no reflection on you or your conduct.
The Defendant: Yes,.ma’am.
The Court: The sentence being placed on suspended sentence [sic]. The way I read the case, I have no choice but to impose the sentence that I originally imposed and not suspend it.
The basis for the trial court’s conclusion that this court’s earlier opinion required reimposition of the four and one-half year sentence is unclear. This court’s opinion merely determined that the sentence given was an impermissible upward departure without written reasons and that the lower court was bound to impose a guidelines sentence. Unfortunately, defense counsel did not challenge the lower court’s assumption. In any event, given this entire turn of events, I can’t see how the defendant lost his right to credit for the several months of time served on community control solely because his counsel failed to request it at resentencing. This case falls squarely within the parameters set forth by the Florida Supreme Court in Fraser. This credit is “equitable” only in the sense that it is not found in Florida Statutes; there was no weighing of “equities” to be done by the lower court. Indeed, the best place to reconstruct and to fully appreciate how this defendant ended up spending several months on community control for which he will not receive credit is in the records of this court. To refuse credit in this case is violative of the rule set out in Fraser.

. On the second count, the defendant was given a consecutive five years of probation.