PETERSON, Judge,
concurring specially.
I join in the result obtained by Judge Diamantis because of the prior decisions of this court and because the issue will be placed at rest by certifying the question to the supreme court as this court has previously done in Wardell v. State, 631 So.2d 1130 (Fla. 5th DCA 1994), and as the second district has done in Summers v. State, 625 So.2d 876 (Fla. 2d DCA 1993).
The ease primarily relied upon by Judge Diamantis in reaching his conclusion, Ogden v. State, 605 So.2d 155 (Fla. 5th DCA 1992), in turn relied upon Fraser v. State, 602 So.2d 1299 (Fla.1992). I believe that the reliance was misplaced. In Fraser, the supreme court carefully distinguished between probation and community control in allowing credit for the latter.[1] Fraser dealt specifically with the injustice that would result where a defendant, after receiving and successfully completing an erroneous sentence of community control, is notified, through no fault of his own, that his sentence was an illegal downward departure. Fraser did not concern the penalty to be imposed subsequent to a violation and revocation of probation, but was fashioned in that particular case to prevent an unfair result.
I analyze section 948.06, Florida Statutes (1993) in order to attempt to answer Judge Sharp’s inquiry as to why credit for time served must be given when probation is imposed following a violation even though the same credit is not required if a term of incarceration is imposed. The observation was made in Ogden that, if credit is not allowed, a trial court could extend probation ad infinitum beyond the statutory maximum for incarceration each time probation is revoked. The Ogden court stated it was doubtful that the legislature intended such a result.
It is reasonable to conclude that the drafters of section 948.06, Florida Statutes, never contemplated that a sentencing judge would revoke probation and then reimpose probation upon a defendant who has committed a crime and has already been given the chance to avoid the more serious penalty. The last two sentences of section 948.06(1) provide:
After [the probation violation] hearing, the court may revoke, modify, or continue the probation or community control or place the probationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer or offender on probation or into community control.
Thus, if a probationer violates the conditions of probation, arguably the trial court has three options under the statute:
1. Revoke probation and place the defendant on community control, or impose any sentence that might have been originally imposed;
2. Modify the probation to include appropriate new conditions and even a condition of jail time.
3. Continue the original probation without revoking it, but not beyond the maximum time of incarceration prescribed for the offense.
The key word used in subsection (1) is “sentence.” If probation or community control is revoked, a court shall “impose any sentence which it might have originally imposed.” I do not think the statute equates the terms “probation” and “sentence.” This conclusion is supported by section 948.01(2) which distinguishes between probation and a sentence in authorizing a court to “stay and withhold the imposition of sentence upon [a] defendant and ... place him upon probation.” See also Brown v. State, 302 So.2d 430 (Fla. 4th DCA 1974). The sentencing alternative of straight probation is simply not *848 available after a revocation of probation. If, after a violation of probation has been proven, probation is still desirable and justified in the opinion of the trial judge, the probation should be continued or modified, not revoked and reimposed.

. The court stated, "We note initially that this Court has already established that community control is a more coercive deprivation of liberty and a more serious penalty than probation.” Fraser at 1300.