PER CURIAM.
After the defendant and the prosecution entered into a written plea agreement whereby she pled guilty to reduced charges in return for a sentence of twenty-five years followed by a period of probation of up to thirty years, she was sentenced to twenty-five years, followed by two years community control and twenty-three years probation with several special conditions. On this appeal, we order that the sentence be modified in conformance with the agreement by providing for twenty-five years probation following the prison term, thereby omitting the more onerous community control requirement. See Fraser v. State, 602 So.2d 1299 (Fla.1992).
We do not consider the appellant’s separate challenge to the conditions of probation. She did not object to them below and there is no showing that the conditions in question were “so egregious as to be the equivalent of fundamental error.” Larson v. State, 572 So.2d 1368, 1371 (Fla.1991); McCarthren v. State, 635 So.2d 1005 (Fla. 5th DCA 1994). Moreover, unlike the community control issue, there is no showing that the conditions involved a departure from the plea and sentencing agreement. Obviously, the “probation” it provided would necessarily involve the imposition of conditions of some kind. If Rodriguez wishes to withdraw her plea (and reinstate the original charges) on the grounds that the conditions actually imposed were not fairly contemplated, were overly restrictive, or otherwise, she is free to file a 3.850 or 3.800 motion to that effect.[1]
Affirmed as modified.

. Of course, we express no opinion as to the validity of such a motion.