PER CURIAM.
Appellant has filed a motion to correct illegal sentence, seeking jail time credit pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. The motion fails to allege or demonstrate that his sentence without such credit exceeds the statutory maximum for his sentence. As such, it was properly denied on this ground. Mitchell v. State, 696 So.2d 957 (Fla. 4th DCA 1997). We recertify the same question certified there. See also Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996).
Also, appellant’s motion is not duly verified as per rules 3.850 and 3.987, Florida Rules of Criminal Procedure. Thus, it cannot be considered under this rule.
Further, appellant’s claim for credit for house arrest toward his subsequent prison sentence fails to qualify for rule 3.800(a), and is without merit. Valencia v. State, 645 So.2d 1085 (Fla. 3d DCA 1994); citing Fer *1326 nandez v. State, 627 So.2d 1 (Fla. 3d DCA 1998), rev. denied, 639 So.2d 977 (Fla.1994).
Finally, appellant’s claim that his sentence was illegal because it departed from the guidelines is similarly barred under rule 3.800(a) and cannot be entertained under rule 3.850, Florida Rules of Criminal Procedure for reasons set forth above.
We therefore affirm without prejudice to appellant’s right to raise his challenges to his sentencing for departing from the guidelines and for denying jail time credit in a timely and duly verified motion for post-conviction relief under rule 3.850, Florida Rules of Criminal Procedure.
AFFIRMED.
WARNER, FARMER and STEVENSON, JJ., concur.