HARRIS, Judge.
Maysonet, although charged with attempted first degree murder, attempted robbery with a firearm, and shooting within an occupied vehicle, was convicted only of the robbery charge and the lesser included improper display of a firearm under the attempted murder charge. On appeal, Maysonet raises various sentencing errors: (1) since he was determined by the jury not to have been the shooter, the assessment of victim injury points was improper; (2) although the issue is admittedly not preserved, the court improperly assessed points for the use of a *445 firearm; and (3) the court reporter’s notes reflect that the court sentenced him to 126.75 months incarceration but the judgment reflects 136.75 months as the prison term. We affirm on the first two points, but because we cannot determine whether the court reporter’s notes or the judgment actually reflect the court’s sentence, we remand to the trial court to determine whether the judgment properly reflects his sentence and, if not, to correct the sentence.
On Maysonet’s first point, we agree with Johnson v. State, 583 So.2d 386 (Fla. 1st DCA 1991), that since Maysonet participated in the attempted armed robbery, he cannot escape responsibility for the victim’s injuries merely because he was not the one who inflicted them.
On Maysonet’s second point, since he did not preserve the error for review and because his sentence is not illegal, we refuse to consider the issue. See Wright v. State, 636 So.2d 534 (Fla. 5th DCA 1994).
AFFIRMED but REMANDED for the court to consider the discrepancy between the court reporter’s notes and the judgment and for appropriate action.
GOSHORN and PETERSON, JJ., concur.