ROTHENBERG, J.
(specially concurring).
I concur with the majority’s opinion reversing the trial court’s order denying appellant Andres A. Herrera’s (“Herrera”) pro se motion to accredit community control and jail time served, filed under Florida Rule of Criminal Procedure 3.800(a). I write separately only to guide the trial court in further proceedings upon remand in computing credit against the prison sentence that Herrera is currently serving.
On August 16, 2005, Herrera was sentenced to eighteen months incarceration (with a jail credit of 349 days), followed by six months of community control, followed by an additional five years of probation. Herrera completed his prison sentence and began to serve the community control portion of his split sentence on February 7, 2006.
On May 31, 2006, Herrera was arrested for violating his community control. Herrera claims that after he served nine days in the county jail his community control, was reinstated, which he successfully completed on June 8, 2006.
On September 27, 2006, Herrera was arrested after an affidavit for violation of probation was filed. After serving forty-one days in the county jail, the trial court reinstated Herrera’s probation on November 6, 2006. Herrera, however, violated his probation again and was arrested on January 25, 2007. The trial court revoked Herrera’s probation on July 26, 2007, and sentenced him to five years incarceration, giving him a jail credit of 660 days. The Florida Department of Corrections took Herrera in to custody on September 24, 2007.
In his motion, Herrera contends that he did not receive 196 days of credit against his prison sentence for time he served on community control and for certain jail time. The 196 additional days for which Herrera seeks credit, includes 146 days spent on community control and fifty days of county jail time (nine days from Herrera’s arrest for violating his community control to its reinstatement, plus forty-one days from his arrest for violating his probation to its reinstatement).
The law is clear that, with very little exception, time served while on community control may not be credited against incarceration. In Young v. State, 697 So.2d 75, 77 (Fla.1997), the Florida Supreme Court held that:
[Sjection 948.06(2), prohibits a court from crediting probation or community control toward a sentence of incarceration. Specifically, section 948.06(2) provides that no part of the time a defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve. Consequently, the trial court was prohibited by statute from crediting Young’s time in community control against his new sentence of incarceration.
*904 In State v. Cregan, 908 So.2d 387 (Fla.2005), the Florida Supreme Court reaffirmed its holding in Young, that a defendant who violates his community control cannot be given credit against a subsequent term of incarceration for the time spent while on community control, and noted that its holding in Fraser v. State, 602 So.2d 1299, 1300 (Fla.1992), presented a very limited exception to this rule. In Fraser, the defendant was serving his community control sentence when he learned that the sentence was illegally imposed. 602 So.2d at 1300. The Florida Supreme Court concluded that “it would be unfair and inequitable to penalize [Fraser] for a clerical mistake for which he was not responsible,” id., and thus, under the unique circumstances of that case, concluded that Fraser was entitled to receive credit for the time he spent in community control. Id.; see Cregan, 908 So.2d at 389 (noting that Fraser involved unique circumstances resulting in a limited exception).
It is clear that the Fraser exception does not apply to the instant case, and Herrera is not entitled to receive credit for the time he served while on community control. He is, however, entitled to receive credit for all of the time he served in the county jail. Because we cannot determine from the record before us whether Herrera received credit for the forty-one days he claims to have served upon his most recent arrest for violation of his probation, and nine days he claims to have served for his most recent violation of his community control, I join in the majority’s decision to reverse and remand for further proceedings.