PALMER, J.
Keith Joseph McKnight (defendant) appeals his sentence, arguing that the trial court erred in not awarding him credit for the time he successfully served on probation. We agree and, therefore, reverse.
The defendant was charged with one count of driving with a license canceled, suspended, or revoked as a habitual traffic offender (a third-degree felony),[1] and one count of DUI (a misdemeanor).[2] The trial court sua sponte offered the defendant a withhold of adjudication on count one with a term of two years of probation, and an adjudication of guilt on count two with a concurrent term of one year of probation. Over the State’s objection that the sentence was an illegal downward departure, the defendant accepted the court’s offer and he was sentenced accordingly. Neither the defendant nor defense counsel sought the downward departure sentence. The State appealed the sentence, and we reversed because the trial court departed downward without a valid reason. State v. *1027 McKnight, 35 So.3d 995 (Fla. 5th DCA 2010). While the appeal was pending, the defendant successfully completed one year of probation.
On remand, the defendant withdrew his plea and entered a second plea on each charge. He was sentenced to a term of 55.8 months in the Department of Corrections on count one and to time served on count two. The defendant appeals, arguing that, as in Fraser v. State, 602 So.2d 1299 (Fla.1992), it was unfair and inequitable for the trial court to deny him credit for the time he served on probation. We agree.
In Fraser, the defendant was placed on community control in a downward departure sentence. The State appealed, and the Second District reversed because the trial court failed to provide written reasons to support departure. Id. at 1299-1300. The trial court resentenced the defendant to prison. On appeal, our supreme court held that the defendant was entitled to receive credit for the time he served on community control, explaining:
In this case, Fraser was successfully completing a sentence of community control when he was informed that, through no fault of his own, the sentence was illegally imposed. We are not confronted here with a situation in which a defendant has transgressed and is therefore rightly facing an increased punishment. Nor are we faced with a defendant who has reaped an undeserved windfall, as in Cheshire v. State, 568 So.2d 908 (Fla.1990), where the lower guideline sentence was the result of an erroneous miscalculation of the score-sheet. Here Fraser has not breached the trust placed in him by the trial court. He faces a four and a half year prison sentence now simply because of the trial court’s initial failure to provide contemporaneous written reasons for departure. We agree with Fraser that it would be unfair and inequitable to penalize him for a clerical mistake for which he was not responsible.
Id. at 1300.
There is no reasonable basis not to extend Fraser to the facts here. As in Fraser, the defendant was successfully completing his probation when he was informed that, through no fault of his own, his downward departure sentence had been illegally imposed. Also, as in Fraser, the defendant neither violated his probation nor breached the trust placed in him by the trial court. Therefore, the defendant is entitled to be awarded credit for the time he served on probation. Cf. State v. Mendiola, 919 So.2d 471 (Fla. 3d DCA 2005) (holding that defendant who was prematurely released from prison through no fault of his own was entitled to have time spent at liberty credited to his sentence).
REVERSED and REMANDED.
LAWSON and EVANDER, JJ„ concur.

. §§ 322.34(5), 322.264, Fla. Stat. (2008).

. § 316.193(1), Fla. Stat. (2008).