PER CURIAM.
Roy Simpson appeals an order summarily denying his “motion for effectuation of the plea agreement,” seeking additional credit for jail time served, which this court has treated as a rule 3.850 summary appeal. We affirm without prejudice to his filing a timely rule 3.801 motion.
Simpson entered an open guilty plea to a third-degree felony and two misdemeanors. On July 1, 2003, the trial court sentenced him to time served for the misdemeanors; for the felony, he received a suspended fifteen-year sentence as a violent career criminal (VCC), with a ten-year mandatory minimum and credit for 278 days jail time served. As part of a downward departure sentence, he was placed on community control for two years, followed by eight years of probation.
Subsequently, the trial court found Simpson guilty of violating his probation, revoked his probation, and imposed the previously suspended fifteen-year prison *540 sentence as a VCC, with a mandatory minimum of ten years. Simpson was awarded credit for 329 days jail time served. His direct appeal from the revocation of probation and new sentence did not raise any issue concerning his jail time credit. The mandate issued on August 18, 2006. Simpson v. State, 930 So.2d 629 (Fla. 4th DCA 2006) (Table).
In May 2012, Simpson filed the instant unsworn pro se “motion for effectuation of the plea agreement.” He alleged that at the time of his original sentencing, the trial court was aware he had pending criminal charges in Miami-Dade County which he would have to face before beginning to serve his Broward County sentence. The judge offered to allow the defendant to move to modify his sentence within sixty days if the Miami-Dade court imposed a prison sentence. Then the judge would run his prison sentence concurrent to the Miami-Dade sentence. Simpson contended in his motion that the “promise” should have applied when his Miami-Dade sentence was imposed, interpreting the judge’s offer as a plea “agreement.” By the time the Miami-Dade sentence expired, Simpson had been incarcerated for 668 days — 278 days in Broward, plus an additional 390 days. He argued that the expiration of the sixty-day period did not defeat the court’s authority to effectuate “the intent of the plea agreement.”
Simpson then alleged that he remained incarcerated for 688 days until his release from the Miami-Dade sentence on June 1, 2004, and was arrested for the Broward violation of probation on August 16, 2004. He remained in custody until imposition of the fifteen-year sentence on November 27, 2004, 103 more days. Yet the trial court awarded him only 329 days of jail time credit, when he should have received 771 days. He asked to be awarded 771 days.
We agree with the state’s response below, in which it explained that the fact the trial court’s offer to give Simpson the opportunity to seek a modification of the instant sentence, depending on the disposition of the Miami-Dade case, did not convert the trial court’s offer into a condition of Simpson’s open plea. It was simply made in anticipation of a possibly lengthy sentence in another county, and if that occurred, Simpson could (but apparently did not) ask the Broward court to impose a sentence in this case concurrent with that sentence. However, instead he served a prison term of two years in his Miami-Dade case. Simpson was not entitled to have the time he served in the Miami-Dade County case applied as credit against his sentence in the instant case. Thus, we affirm the denial of the motion.
Simpson’s initial brief refers to his motion as a rule 3.800(a) motion seeking additional jail time credit so that he does not serve more than the fifteen-year statutory maximum for a third-degree felony sentenced as a VCC. § 775.084(4)(d)3., Fla. Stat. (2002). He raises several new issues on appeal, now claiming to be entitled to a total of 830 days of jail time credit — all the time from his initial arrest on August 7, 2002, through the imposition of his current prison sentence on November 23, 2004. We address those matters only to specify which may be considered in a new motion for jail time credit pursuant to rule 3.801.
Simpson’s argument — that, because he never waived any jail time credit, the trial court should have issued another order “cumulating” the two amounts of jail time credit, 278 days on July 1, 2003, and 329 days on November 23, 2004 — is obviously without merit; the second amount should have included within it the first award of credit, adding, to the original award of credit, the number of days Simpson served after his arrest on VOP charges until his ultimate sentencing. § 921.161(1), Fla. Stat. (2004). (“[T]he *541 court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.”) (emphasis added); Walker v. State, 543 So.2d 343 (Fla. 1st DCA 1989) (reversing sentence where trial court, imposing sentence following revocation of probation, failed to credit defendant with time served before initial placement on probation).
Nor could Simpson be entitled to credit for the seventy-five days from his release on June 1, 2004, until he was detained on August 16, 2004, when he was on probation in the instant case. Generally, there is no credit against a prison term for time spent on probation or community control. Young v. State, 678 So.2d 427 (Fla. 4th DCA 1996), approved, 697 So.2d 75 (Fla.1997). He cites Waters v. State, 662 So.2d 332, 333 (Fla.1995) (holding that on revocation of probation after community control, court must credit time served on probation and community control against any new term of imprisonment and probation for the same offense, so total period of control, probation, and imprisonment does not exceed statutory maximum), but that case does not apply; the trial court did not impose a new split sentence, but imposed a straight prison sentence.
However, Simpson does count 101 days from the time he was arrested for the VOP on August 16, 2004, until he was sentenced to jail on November 23, 2004. If he was jailed continuously, those 101 days plus the initial credit of 278 days should have yielded a total credit of 379 days, yet he was credited with only 329 — perhaps a scrivener’s error.
Additionally, his computation includes all the time from his arrest on August 7, 2002, through his first sentencing on July 1, 2003, which Simpson calculates as 324 days. If he was not released prior to his initial sentencing, that period would appear to entitle him to 329 days. He originally was awarded 278 days for that period of time. If that amount was insufficient, it would have caused the ultimate amount calculated when the prison sentence was imposed also to be insufficient.
Because it appears Simpson may be entitled to additional credit for time served from his initial arrest on August 7, 2002, until his initial sentencing on July 1, 2003, and additional credit for the time served from his arrest for VOP on August 6, 2004, until his ultimate sentencing on November 23, 2004, this affirmance is without prejudice to his filing a rule 3.801 motion prior to the July 1, 2014 deadline, see Fla. R. Crim. P. 3.801(b),[1] seeking such additional jail time credit.

Affirmed without prejudice.

STEVENSON, TAYLOR and CIKLIN, JJ., concur.

. Rule 3.801(b) (underlined emphasis added) provides as follows:
(b) Time Limitations. No motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final. For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014.