DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**STEVEN RAY BRAY,**
Appellee.

Nos. 4D13-4771 and 4D14-441

[August 19, 2015]

Consolidated appeals from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 562013CF000690A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Laura Fisher, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Emily Ross-Booker, Assistant Public Defender, West Palm Beach, for appellee.

MAY, J.

In these consolidated appeals, the defendant appeals his conviction for aggravated assault with a firearm. The State appeals the defendant's downward departure sentence for that conviction. The defendant argues the prosecutor's comments in closing argument constituted fundamental error. We disagree and affirm his conviction. The State argues the trial court erred when it failed to impose the three-year mandatory minimum sentence under the 10-20-Life statute. The defendant candidly admits the sentencing error. We therefore affirm the defendant's conviction in case number 14-0441, but reverse the defendant's sentence in case number 13-4771, and remand the case to the trial court for resentencing.

The facts underlying the charge and trial are largely irrelevant to our decision. The State charged the defendant by information with aggravated assault with a firearm. The jury convicted the defendant as charged. The trial court adjudicated him guilty, but granted a downward departure motion and sentenced him to one year in county jail, two years' community control, and two years' probation over the State's objection.

In the State's appeal, it argues the trial court erred when it failed to impose the mandatory minimum sentence under section 775.087(2), Florida Statutes (2013), due to the defendant's use of a firearm during the aggravated assault. The defendant candidly agrees. Trial courts have no discretion to grant a motion for downward departure when the conviction implicates section 775.087(2). *State v. Vanderhoff*, 14 So. 3d 1185, 1189 (Fla. 5th DCA 2009) ("The 10/20/Life statute, section 775.087(2), Florida Statutes (2005), removed most sentencing discretion from the judicial branch, and instead, placed it in the executive branch by establishing a mandatory minimum sentencing scheme.").

We find no merit in the defendant's appeal of his conviction. We reverse his sentence on the State's appeal, and remand the case to the trial court to re-sentence the defendant in accordance with section 775.087(2), Florida Statutes (2013).

*Affirm Case No. 14-0441. Reverse and Remand on Case No. 13-4771.*

WARNER and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2