Taylor, J.
The State of Florida appeals from the trial court’s resentencing of the defendant on his conviction for aggravated assault *156 with a firearm. The State argues that the trial court improperly included time the defendant spent on community control as credit towards his three-year mandatory minimum sentence. We agree that this was error and that the only time that should have been credited towards the defendant’s three-year mandatory minimum sentence was the time the defendant actually spent in custody. We therefore reverse and remand for resentencing.
A jury found the defendant guilty of aggravated assault with a firearm. At sentencing, the defendant’s attorney acknowledged that a three-year mandatory minimum applied to the defendant’s sentence but, arguing mitigating circumstances, moved the court for a downward departure. Over the State’s objection, the trial court granted the motion and sentenced the defendant to one year in the county jail, followed by two years of community control and two years of probation.
In consolidated appeals, the defendant appealed his conviction and the State appealed the downward departure sentence. We affirmed the conviction but reversed the sentence and remanded for resentenc-ing. State v. Bray, 174 So.3d 488, 488-89 (Fla. 4th DCA 2015) (holding that the trial court had no discretion to grant a motion for downward departure when the conviction arose under the Florida’s 10/20/Life statute).
On remand, the trial court resentenced the defendant to the three-year mandatory minimum sentence but gave him credit for time he spent on community control, in addition to time he had served in the county jail, for a total credit of 1,023 days. The State objected and later appealed the trial court’s award of credit for time spent on community control.
The legality of a trial court’s sentence is reviewed de novo. Claycomb v. State, 142 So.3d 916, 917 (Fla. 4th DCA 2014).
The general rule is that a defendant cannot receive credit for time spent on community control. Section 921.161(1), Florida Statutes (2015), governs jail-time credit:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.
The Florida Supreme Court has interpreted section 921.161(1) as requiring credit for time served “in any institution serving as the functional equivalent of a county jail.” Tal-Mason v. State, 515 So.2d 738, 740 (Fla. 1987). In State v. Cregan, 908 So.2d 387, 389 (Fla. 2006), the court narrowly construed what constitutes “the functional equivalent of a county jail” and clarified that neither time spent in a control release program, nor in a drug rehabilitation facility, meets the “functional equivalent” standard. Id.
Applying Cregan, we have held that a trial court may not give jail credit for time spent on probation or community control. See Comer v. State, 909 So.2d 460, 461 (Fla. 4th DCA 2005); Carrier v. State, 925 So.2d 386, 388 (Fla. 4th DCA 2006); see also Simpson v. State, 138 So.3d 538, 541 (Fla. 4th DCA 2014) (“[Tjhere is no credit against a prison term for time spent on probation or community control.”).
The defendant acknowledges the general rule that disallows credit for time spent on community control, but he contends that an equitable exception to the general rule applies in this case. He relies on Fraser v. State, 602 So.2d 1299 (Fla. 1992), in arguing that the trial court properly granted him credit for time spent on community control, because he initially re *157 ceived an illegal sentence through no fault of his own.
Fraser, however, is factually distinguishable. In that case, Fraser pled guilty to auto theft and unarmed robbery and was placed on community control for five and seven years respectively. Id. The sentence was a downward departure from the sentencing guidelines, and though the trial court orally stated its reasons for the downward departure, it failed to issue contemporaneous written reasons. Id. The Second District reversed the downward departure sentence, based on Pope v. State, 561 So.2d 554, 556 (Fla. 1990), which held that where the trial court fails to provide written reasons for a departure, the trial court must impose a guidelines sentence on remand. Fraser, 602 So.2d at 1300.
After it was determined on a second appeal that a community control sentence could not be imposed, Fraser was sentenced to prison. Id. The Second District queried whether he should receive credit for the time he spent on community control and certified the following question to the Florida Supreme Court:
When the trial court sentences a defendant to a period of time under the Department of Corrections, pursuant to a violation of community control, can he be given credit for time served on community control under Section 921.161, Florida Statutes (1985)?

Id.

The Supreme Court answered the question in the affirmative, noting that “Fraser was successfully completing a sentence of community control when he was informed that, through no fault of his own, the sentence was illegally imposed.” Id. at 1300. The court concluded that “it would be unfair and inequitable to penalize him for a clerical mistake for which he was not responsible.” Id. The court further noted that it was not “faced with a defendant who has reaped an undeserved windfall.” Id.; see also McKnight v. State, 95 So.3d 1026, 1026-27 (Fla. 5th DCA 2012) (holding that the defendant, who was sentenced to prison after the appellate court determined that the trial court had departed downward without a valid reason, was entitled to be awarded credit for the time he served on probation; the defendant had accepted the trial court’s sua sponte plea offer and neither the defendant nor defense counsel had sought a downward departure sentence).
The facts in this case are distinguishable from those in Fraser, because here the defendant sought the illegal sentence he received. The illegal sentence was not the result of a clerical mistake. Rather, the defendant moved for a downward departure from his mandatory three-year prison sentence, and the trial court granted the motion despite its lack of discretion to do so. Under these circumstances, where the sentencing error was invited by the defendant, the sentence was not illegally imposed “through no fault of his own.” Thus, Fraser’s, equitable exception to the general rule barring jail credit for time spent on community control does not apply here.
Accordingly, we quash the award of jail credit for time the defendant spent on community control and remand for resen-tencing consistent with this decision.

Reversed and Remanded.

Ciklin, C.J., and Lee, Robert W., Associate Judge, concur.