DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETER BROWN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3492

[August 21, 2019]

Appeal and cross-appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Rothschild, Judge; L.T. Case No. 12015463CF10A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

CROOM, JANET, Associate Judge.

Appellant Peter Brown appeals his conviction and sentence for burglary of a dwelling with a firearm and false imprisonment while armed. Appellee State of Florida cross-appeals the trial court's order granting Brown's amended motion for judgment of acquittal, specifically asserting the trial court erred in not imposing the mandatory minimum sentence. We affirm, without discussion, the issues raised on direct appeal. We agree with the State on the cross-appeal, finding error in the trial court departing from the mandatory minimum sentence and reverse for resentencing.

This Court has previously held that the minimum mandatory sentencing requirements must be applied when section 775.087(2), Florida Statutes (2012), is involved in the conviction. *See State v. Bray*, 174 So. 3d 488, 489 (Fla. 4th DCA 2015). Here, the information charging Brown cited section 810.02(2)(b), Florida Statutes (2012), which establishes burglary as a first-degree felony, "if, in the course of committing the offense, the offender . . . [i]s or becomes armed within the dwelling . . . with . . . a dangerous weapon." The State specified in the

information that the "dangerous weapon" referenced was a firearm and cited section 775.087(2), which invokes the ten-year minimum mandatory sentence.

Additionally, the trial court granted the amended motion for judgment of acquittal based on concerns of the firearm's operability. However, the Florida Supreme Court has held that, "the legislature did not intend to require a finding that the handgun be operational in order to uphold a conviction of robbery with a firearm because of concerns about the perception of the victim." *Bentley v. State*, 501 So. 2d 600, 602 (Fla. 1987). Further, there was eyewitness testimony that Brown held a gun and used it to maneuver the victim up the stairs and threaten her life.

Based on the above, the trial court was required to impose a minimum mandatory sentence of ten years.

*Affirmed in part, reversed in part and remanded for sentencing.*

DAMOORGIAN and FORST, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**