711 So.2d 117 (1998)
Anthony MARTIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-3331, 97-3332.
District Court of Appeal of Florida, Fourth District.
April 29, 1998.
Rehearing Denied June 23, 1998.
*118 Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Anthony Martin, for himself.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
Daniel P. Hyndman, Assistant County Attorney, West Palm Beach, for Palm Beach County.
Rehearing En Banc Denied June 23, 1998.

ON MOTION TO REVIEW DENIAL OF INDIGENCY
FARMER, Judge.
Anthony Martin was found guilty by a jury of criminal mischief. Before the trial court imposed sentence, he filed his own notice of direct appeal, which is now pending. The trial court denied him bail pending the sentencing.
In filing the notice of appeal, defendant did not pay the filing fees. We entered an order requiring him either to pay the fees or provide an order from the trial court finding him indigent.[1] He responded with an affidavit of indigency and a copy of an order entered six months earlier by the trial court finding him indigent for trial purposes. Apparently the appointment of counsel in the trial court was rescinded at some point, and defendant proceeded to trial without counsel. After it appeared to us that he might be in custody without counsel to challenge the propriety of the incarceration, we ordered the state to show cause why counsel should not be appointed. Upon consideration of the state's response, we relinquished jurisdiction to the trial court for the appointment of counsel as to matters touching and concerning his current confinement. The trial court appointed the Public Defender.
Appointed counsel filed a motion to abate the appeal and also asked for additional time to provide us with an order of indigency. Counsel pointed out that the appeal was premature until a judgment of conviction was entered and sentence imposed. We granted that motion. Shortly thereafter the trial court sentenced defendant to five years probation with one year in the county jail. Counsel thereupon filed another motion for additional time to file the order of indigency. She advised that she had filed a motion with the trial judge to determine defendant's indigency for appeal but that the trial court was unable to schedule a hearing until several days later. We granted that motion.
Several weeks later, the trial judge entered an order determining that defendant is not indigent for purposes of appeal. Defendant then filed a motion seeking review of that order. We ordered a response and directed the parties to address whether the evidence that defendant had transferred assets and income to family members would support the denial of court appointed counsel under section 27.52, Florida Statutes (1997). Defendant has personally responded, as has the Public Defender, the State of Florida, and Palm Beach County.[2] Upon review, we now affirm the findings of the trial court.
We begin with the following pertinent provisions from section 27.52:
"(2)(b) An accused person ... is indigent if:

*119 1. The income of the person is equal to or below 250 percent of the then-current federal poverty guidelines prescribed for the size of the household of the accused by the United States Department of Health and Human Services or if the person is receiving Aid to Families with Dependent Children (AFDC), poverty-related veterans' benefits, or Supplemental Security Income (SSI); or
2. The person is unable to pay for the services of an attorney without substantial hardship to his or her family.
(c) In determining whether a defendant is indigent, the court shall determine whether any of the following facts exist, and the existence of any such fact creates a presumption that the defendant is not indigent:
1. The defendant has been released on bail in the amount of $5,000 or more.
2. The defendant owns, or has equity in, any intangible or tangible personal property or real property or the expectancy of an interest in any such property.
3. The defendant retained private counsel immediately before or after filing the affidavit asserting indigency pursuant to subsection (1)."
The evidence adduced before the trial judge established two of the section 27.52(2)(c) factors creating a presumption of non indigency. At one point Martin was released on bail in the amount of $5,000 or more, and he owns real property in Connecticut. Consequently, there is record evidence to support a presumption of non indigency.
Defendant argues on review that he overcame the section 27.52(2)(c) presumption as a matter of law by testifying that he has a personal bankruptcy case pending in the District of Columbia and that the property in Connecticut is the subject of an action to foreclose a mortgage. Other than his testimony to that effect, and a copy of a bankruptcy court order converting a chapter 13 case to a chapter 7 case, he failed to adduce any additional or documentary evidence. For a number of reasons, we do not regard his evidence to have the effect he argues.
To begin, the evidence code establishes the methodology for consideration of presumptions and the burdens imposed on those who oppose them.[3] Rebuttable presumptions are classified as either affecting the burden of producing evidence, or as affecting the burden of proof.[4] If the section 27.52(2)(c) presumption is one designed merely to facilitate the determination of indigency, it affects the burden of producing evidence.[5] Otherwise, it affects the burden of proof.[6]
From the structure and text of section 27.52, it appears to us that the presumption therein states public policy and does not merely facilitate the determination of indigency. Hence, it affects the burden of proof as to indigency. That simply means that, even according defendant's evidence the genuineness he argues, his evidence did not shift the burden of proof to the state, as he now contends. At all times he had the burden to *120 prove that he is indigent for purposes of this appeal.
Apart from any shifting of the burden of proof, however, it is clear that defendant's evidence does not logically have the effect he asserts. The single document relating to his bankruptcy case is an order converting the case to a liquidating bankruptcy under chapter 7.[7] The mere fact that one has filed for relief under chapter 7 of the Bankruptcy Code does not by itself establish indigency for purposes of an appeal under section 27.52. For one thing, income earned by a debtor after filing for relief under the bankruptcy law is not part of the bankruptcy estate.[8] For another Martin's unadorned claim of bankruptcy fails to address exempt property under bankruptcy law.[9] Without knowing something about Martin's exempt property in the bankruptcy case, and there being evidence of Martin receiving some rental income, we cannot assume that the mere pendency of the bankruptcy case ipso facto establishes post petition indigency.
Moreover, bankruptcy connotes insolvency. Under the Bankruptcy Code, insolvency means that one's debts exceed the value of one's property.[10] In contrast, indigency under section 27.52 is related to income or, alternatively, the ability of a defendant to pay for an attorney without substantial hardship to the defendant's family.[11] Thus, without more, mere insolvency under bankruptcy law cannot be equated with indigency under section 27.52.
So too with the foreclosure. Knowing that a foreclosure proceeding is pending with regard to real property owned by a defendant in a criminal case hardly establishes the section 27.52(2)(b) standard for indigency. The record in this case does not tell us, for example, the amount of the claimed debt in the foreclosure proceeding; nor does it tell us the value of the property to be foreclosed. For all we know, the value greatly exceeds the debt, and defendant has equity which he could use to pay for an attorney. And even that, of course, fails to consider whether it is apparent that the mortgagee will ultimately prevail in the foreclosure action. Martin has offered no evidence as to the likelihood that the mortgagee will prevail and that he will lose his interest in the Connecticut property, or that he will be unable to exercise any equity of redemption and save the property from a sale, or that any sale proceeds will not result in an excess to be returned to him.
Additionally there is evidence that the real property has been used for income producing purposes and that Martin has received rents on a regular basis. The pendency of the foreclosure proceeding does not necessarily mean that he is no longer receiving the rents. We do not know if a receiver has been appointed to collect rents. And while the rental payments may be property of the estate in the bankruptcy case, we do not know if it is exempt property. Thus neither the foreclosure nor the bankruptcy logically shows that Martin either lacks sufficient income or that he is unable to use his assets to pay for counsel.
Finally we address the question of transfers of property and income by Martin to family members, including his mother. Here, we must separate the right to counsel, which all criminal defendants have, from the right to have the public pay for that counsel, which only the truly needy have. We do not believe that section 27.52 allows transfers of property and money by a defendant to family members in order to create the insolvency required for court-appointed counsel. To do so would require the public to pay for lawyers for defendants whose appearance of need was specifically created for that purpose. That amounts to a fraud on the courts as well as the taxpayers. Voluntary transfers of property to family members to create indigency for the appointment of counsel are just as much fraudulent conveyances as are *121 such transfers by debtors to avoid payment to their creditors.
The determination that Martin is not indigent for purposes of this appeal is affirmed. The Public Defender is discharged, and Martin shall have 20 days to pay the filing fee of $250 and secure private counsel or proceed on his own behalf. Martin shall also have 20 days thereafter to make arrangements with the court reporter for the preparation of the trial transcript, if such arrangements have not already been made. Upon receipt of notice from the reporter as to the preparation of the transcript, this appeal shall proceed with all relevant dates running from that notice.
WARNER and POLEN, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.430 (party claiming right of appeal without prepayment of costs and fees shall file motion in trial court).
[2] Martin complains of the participation of the County's attorney in the proceedings below and in this court. He argues that section 27.52 creates no role for a county in indigency proceedings. He concedes, however, that Palm Beach County has a financial interest because if he is indigent it must pay for a trial transcript. See § 27.54(3), Fla. Stat. (1997). We conclude that the financial interest is sufficient to allow Palm Beach County's participation. Moreover, we discern no prejudice to Martin from such participation.
[3] By its own provisions, the evidence code limits these statutes on presumptions to civil proceedings. § 90.301(4), Fla. Stat. (1997). We conclude, however, that a proceeding to establish indigency is civil in nature rather than criminal.
[4] See § 90.302, Fla. Stat. (1997), which provides:

"Every rebuttable presumption is either:
(1) A presumption affecting the burden of producing evidence and requiring the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption; or
(2) A presumption affecting the burden of proof that imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact."
[5] See § 90.303, Fla. Stat. (1997), which provides:

"In a civil action or proceeding, unless otherwise provided by statute, a presumption established primarily to facilitate the determination of the particular action in which the presumption is applied, rather than to implement public policy, is a presumption affecting the burden of producing evidence."
[6] See § 90.304, Fla. Stat. (1997), which provides:

"In civil actions, all rebuttable presumptions which are not defined in s. 90.303 are presumptions affecting the burden of proof."
[7] See 11 U.S.C. § 1307(c) (1994).
[8] See 11 U.S.C. § 541(a)(1) (1994) (property of the estate consists of all legal and equitable interests of the debtor as of the commencement of the case).
[9] See 11 U.S.C. § 522 (1994).
[10] See 11 U.S.C. § 101(32) (1994).
[11] See § 27.52(2)(b), Fla. Stat. (1997).