PER CURIAM.
This petition seeks a writ of habeas corpus requesting this court to reinstate two criminal appeals which we dismissed for failure to pay the filing fee. In those two cases, petitioner had sought indigent status, which the trial court denied. This court, in a written opinion, affirmed the denial. See Martin v. State, 711 So.2d 117 (Fla. 4th DCA 1998). The court then ordered the payment of the filing fee. Our records reflect that petitioner sought emergency relief from the supreme court, but that petition was also dismissed for failure to pay the filing fee. Petitioner never paid the filing fee in this court, and the appeals were dismissed.
Petitioner now claims that we should reinstate his appeals because eight months have passed between the trial court’s determination that he was not indigent for purposes of appeal and our actual dismissal of the cases.[1] He claims that the court should have ordered another hearing on his indigent status before dismissing for nonpayment. This is not a ground for habeas relief, as the writ is not to be used to obtain additional appeals on issues raised in a prior appeal. See Mills v. Dugger, 574 So.2d 63, 65 (Fla.1990). Alternatively, he suggests that coram nobis might be available, but that relief is not available where the defendant is in custody. See Wood v. State, 750 So.2d 592, 594 (Fla.1999). If we treat the case as a petition for belated appeal, it is barred by the two year time limit in Florida Rule of Appellate Procedure 9.141(c)(4).
However, even if we were to consider the merits, petitioner has cited no case or rule that requires an appellate court to hold a second hearing to determine an appellant’s indigent status before dismissing an appeal for failure to pay the filing fee. While petitioner alleges that the court has an independent duty to ascertain the indigent status of petitioner’s status prior to dismissing the appeal, no such duty exists. Petitioner adds that his bankruptcy filing should have made him indigent as a matter of law. This issue, however, was addressed in our prior opinion.
The petition is dismissed.
WARNER, C.J., POLEN and KLEIN, JJ., concur.

. The delay was due to petitioner's filing in the supreme court.