870 So.2d 895 (2004)
Carey HAUGHWOUT, Public Defender, Fifteenth Judicial Circuit, Petitioner,
v.
Ronald F. MELLOR, Respondent.
No. 4D04-415.
District Court of Appeal of Florida, Fourth District.
April 1, 2004.
Rehearing Denied May 14, 2004.
*896 Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for petitioner.
Ronald F. Mellor, West Palm Beach, pro se.
PER CURIAM.
Petitioner seeks a writ of certiorari challenging the lower court's order requiring the Public Defender to represent a non-indigent defendant in a criminal proceeding. Certiorari is the appropriate relief. See Brevard County v. State, 516 So.2d 968 (Fla. 5th DCA 1987) (certiorari relief granted when trial court required the county to pay for private counsel when the accused was solvent), rev. denied, 528 So.2d 1183 (Fla.1988); Behr v. Gardner, 442 So.2d 980 (Fla. 1st DCA 1983). For the reasons set forth below, we grant the petition and quash the order appointing the public defender.
Florida law requires a public defender to represent indigent defendants but a court "may not appoint the public defender to represent, even on a temporary basis, any person who is not indigent." § 27.51(2), Fla. Stat (2003). Section 27.52 defines indigent, for the purposes of this section, as a person who "is unable to pay for the services of an attorney without substantial hardship to his or her family." § 27.52(2)(b)2.
The law provides further guidance by creating a presumption of non-indigency when any of the following exist: (1) the defendant has been released on bond of greater than $5,000; (2) the defendant "owns, or has equity in, any ... tangible... real property"; or (3) the defendant "retained private counsel immediately before or after filing the affidavit asserting indigency." § 27.52(2)(c). The presence of any of these factors creates a presumption of non-indigency. See Martin v. State, 711 So.2d 117, 119 (Fla. 4th DCA 1998). Unless the defendant can overcome this presumption of non-indigency, the trial court should not appoint the public defender.
The record indicates that Mellor has an equity interest in real property within Palm Beach County and has twice retained private counsel. As one factor is clearly present, the lower court was required to find a presumption of non-indigency existed. Instead, the lower court *897 concluded Mellor would probably not retain private counsel in the future and feared Mellor would proceed to trial, on a second-degree murder charge, without any representation unless the public defender was appointed. Based on this conclusion, the lower court felt it had no choice but to appoint the public defender to preserve Mellor's constitutional right to counsel.
Because the record shows Mellor has, and is, able to hire private counsel, the lower court order appointing the public defender must be quashed. We therefore grant the petition, issue the writ of certiorari, and remand to the trial court for further proceedings consistent with this opinion.
GUNTHER, GROSS and MAY, JJ., concur.