SEMENTO, L.J., Associate Judge.
Karen Spencer, (“Spencer”), appeals from multiple judgments and sentences entered by the trial court following a violation of community control hearing in which Spencer represented herself. Spencer argues that the trial court erred in denying her assistance of legal counsel and that the sentences imposed are illegal.
This appeal involves nineteen criminal cases consolidated for appeal. ' Spencer’s first case was in February 2003 and involved obtaining property in return for a worthless check, for which Spencer was placed on probation. The State filed an affidavit alleging that Spencer violated her probation in January 2004. In March 2004, she was charged with subsequent violations for issuing worthless checks. Spencer was sentenced to community control followed by probation. Between March and June 2004, the State charged Spencer by information with multiple counts of issuing a worthless check, one count of obtaining property in return for a worthless check, and one count of committing an organized scheme to defraud. In September 2004, the State filed an affidavit alleging that Spencer had violated her community control. She was arrested on warrants in October 2004.
Spencer had three prior attorneys throughout these proceedings, each of whom was granted permission to withdraw. Her fourth attorney was allowed to withdraw in November 2004, and she was instructed by that court order to find another attorney within thirty days. Despite *284 being allowed extended access to a telephone while in jail and contacting several attorneys, Spencer did not secure representation.
The trial court held a hearing and found that Spencer had violated her community control. Spencer was not represented by counsel at her sentencing hearing. She was adjudicated guilty in each case and sentenced to five years imprisonment with credit for time served. She engaged in plea negotiations with the court and subsequently entered pleas in all of her remaining cases. The trial court imposed a sentence in each of those cases. The cases were consolidated, and this appeal ensued.
Spencer first argues that she was denied due process of law during the violation of probation hearing and sentencing because the trial court failed to appoint counsel for her.
Under Florida law, a court “may not appoint the public defender to represent, even on a temporary basis, any person who is not indigent.” § 27.51(2), Fla. Stat. (2003). Section 27.52 defines indigent as a person who “is unable to pay for the services of an attorney without substantial hardship to his or her family.” § 27.52(2)(b)2. Where a defendant owns, or has equity in, any tangible real property; or retained private counsel immediately before or after filing the affidavit asserting indigency, a presumption of non-indigency arises so as to require a court not to appoint a public defender to represent the defendant in a criminal proceeding. See Haughwout v. Mellor, 870 So.2d 895 (Fla. 4th DCA 2004). In the instant case, even if the record contained evidence that Spencer did not waive her right to counsel, the court would have been under no obligation to appoint counsel under the specific facts of this case. The record does not contain a motion to appoint counsel or an affidavit of indigency, and Spencer admits that she is listed as the co-owner of real estate and motor vehicles located in Florida. Further, the record shows that Spencer had the assistance of four attorneys prior to the hearings at issue, and was provided with a reasonable opportunity to hire a fifth attorney to represent her at the hearings. Thus, the trial court did not err in failing to appoint counsel. Id.
Spencer alternatively argues that the trial court committed error when it imposed a five year term of probation in certain cases without giving credit for her time served on community control in those same cases. When a court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for time served while on probation or community control toward any subsequent probation or community control. See, e.g., State v. Cregan, 908 So.2d 387 (Fla.2005). Any subsequent probationary sentence cannot exceed the maximum penalty allowable under section 775.082, Florida Statutes (2003), when combined with any amount' of time served on the preceding terms of probation or community control. Cregan, 908 So.2d at 390; § 948.06(3), Fla. Stat. (2003). Here, after adjudicating Spencer guilty in each case, the trial court sentenced her to five year terms of probation in each case. The five year term, when combined with the time Spencer spent on community control in each case, exceeds the statutory maximum penalty that may be imposed under section 775.082 for these crimes.[1] Although Spencer did not address the matter in the trial court, a funda *285 mental sentencing error may be raised for the first time on direct appeal. E.g., Maddox v. State, 760 So.2d 89 (Fla.2000).
The judgments and sentences are affirmed, but this cause is remanded for the trial court to amend the terms of probation imposed in the designated cases to comply with section 775.082, Florida Statutes (2003).
JUDGMENTS AND SENTENCES AFFIRMED; REMANDED.
PLEUS, C.J., and SHARP, W., J., concur.

. Each violation is listed as a third degree felony punishable by a term of imprisonment not to exceed five years.