FRANK, Acting Chief Judge.
Craig Hester was sentenced to a term of imprisonment after repeatedly violating the conditions of his community control. The state has timely appealed from an order correcting judgment and sentence, entered pursuant to Hester’s rule 3.800(a) motion, which credited Hester’s term of imprisonment with *1316 time previously spent on community control. We agree with the state that the relief accorded Hester violated section 948.06(2), Florida Statutes (1995). That statute provides that “no part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve.” Hester cannot benefit from the narrow exception announced in Fraser v. State, 602 So.2d 1299 (Fla.1992); i.e., Fraser had successfully completed a sentence of community control when he learned that, through no fault of his, the sentence was illegally imposed. Hester’s termination from community control is attributable to his violation of the imposed conditions. We are, therefore, unlike the court in Fraser, compelled to quash the order correcting judgment and sentence.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ., concur.