747 So.2d 1002 (1999)
Kenneth CARSON, Appellant,
v.
STATE of Florida, Appellee.
No. 99-2292.
District Court of Appeal of Florida, Fifth District.
December 3, 1999.
Kenneth Carson, DeFuniak Springs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Carson appeals the summary denial of his second post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.800. He is entitled to no relief for two reasons.
First, the issue sought to be raised in this causethe legality of his sentenceis improper because it is successive. It was raised in his direct appeal and this court affirmed without opinion.[1] It was raised again in Carson's June 25, 1998 Motion To Correct Illegal Sentence filed in the trial court. The trial court denied the motion, and Carson's appeal to this court was dismissed. It was raised *1003 for a third time in these proceedings when Carson filed his second Motion To Correct Illegal Sentence on April 21, 1999. This issue cannot be raised again! See Medina v. State, 690 So.2d 1241 (Fla.1997); Stroble v. State, 689 So.2d 1089 (Fla. 5th DCA 1997); Raley v. State, 675 So.2d 170 (Fla. 5th DCA 1996). To do so may subject Carson to sanctions.[2]
In any event, the sentences Carson received are not illegal. Only the incarcerative portion of a split sentence must be within the guideline range. See Holloway v. State, 668 So.2d 627 (Fla. 5th DCA 1996). The total sentence, imprisonment plus probation, does not exceed the statutory maximum for first degree felonies as established in section 775.082(3)(b). See State v. Mancino, 714 So.2d 429 (Fla. 1998); State v. Callaway, 658 So.2d 983 (Fla.1995).
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] Carson v. State, 718 So.2d 1255 (Fla. 5th DCA 1998).
[2] See State v. Spencer, ___ So.2d ___, 1999 WL 742294 (Fla. Sept.23, 1999); Rivera v. State, 728 So.2d 1165 (Fla.1998); Green v. State, 743 So.2d 178 (Fla. 5th DCA 1999); Hall v. State, 698 So.2d 576 (Fla. 5th DCA 1997), rev. granted, 718 So.2d 168 (Fla.1998).