759 So.2d 747 (2000)
Daniel SHEEHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1079.
District Court of Appeal of Florida, Fifth District.
June 9, 2000.
Daniel Sheehan, Mayo, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Sheehan appeals from the trial court's order which summarily denied his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Under the circumstances, we reverse and remand for further proceedings.
In his motion, Sheehan alleges he was incarcerated in the St. Johns County Jail from November 3, 1998 until the date of sentencing on June 11, 1999. He claims he received 148 days jail credit for case number CF98-2800 and 128 days credit for case number CF99-226. Sheehan concludes he is entitled to a total of 221 days credit for each case, which results in an additional 73 days for CF 98-2800 and 93 additional days for CF99-226.
The trial court denied relief on the basis that at the time of Sheehan's arrest in the two cases, he was already incarcerated on unrelated misdemeanor charges. In such an event he would not be entitled to additional jail credit for time served in the unrelated cases. See Bank v. State, 632 So.2d 640 (Fla. 2d DCA 1994).
In its order, the trial court failed to attach documentation necessary to refute Sheehan's claim as is required by rule 3.800(a). See Bunch v. State, 622 So.2d 525 (Fla. 5th DCA 1993); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994). Although attachments to the state's response indicate the trial court ruled correctly in this case, that is not sufficient under the rule. McCray v. State, 633 So.2d 561 (Fla. 4th DCA 1994); Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991).
Accordingly, we reverse and remand for further proceedings, including, allowing the trial court the opportunity to attach documentation to its order showing Sheehan has no legal basis for his requested relief.
REVERSED and REMANDED.
DAUKSCH and SAWAYA, JJ., concur.