765 So.2d 310 (2000)
Dean JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1370.
District Court of Appeal of Florida, Fifth District.
September 8, 2000.
Dean Johnson, Sneads, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Defendant, Dean Johnson, claims that he is entitled to be resentenced under Heggs v. State, 759 So.2d 620 (Fla.2000). Although defendant's offense was committed within the window period established in Trapp v. State, 760 So.2d 924 (Fla.2000), defendant was not adversely affected by the application of the unconstitutional 1995 guidelines because his sentence of 77.7 months incarceration falls within the permitted range under the 1994 guidelines. The fact that his split sentence of incarceration followed by probation exceeds the guidelines range is irrelevant, as only the incarcerative portion of a sentence must fall within the guidelines range. See Carson v. State, 747 So.2d 1002 (Fla. 5th DCA 1999), rev. denied, No. SC00-81, 766 So.2d 220 (Fla. May 22, 2000).
Defendant also claims that the Department of Corrections should be required to recalculate his gain-time. However, the proper remedy to correct a miscalculation of gain-time is to file an administrative complaint with the Department and, if dissatisfied with the results, to file a petition for writ of mandamus in the circuit court where the defendant is incarcerated to compel the Department to award the correct gain-time. See Green v. State, 698 So.2d 575 (Fla. 5th DCA), appeal dismissed, 705 So.2d 901 (Fla.1997). Therefore, the trial court's order is affirmed but without prejudice to defendant seeking administrative relief regarding the calculation of gain-time.
AFFIRMED WITHOUT PREJUDICE TO SEEK ADMINISTRATIVE RELIEF.
HARRIS, SAWAYA and PLEUS, JJ., concur.