PER CURIAM.
Curtis Wright appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Rule 3.800, Florida Rules of Criminal Procedure. Wright alleges that his offense was committed on October 24, 1996, that he entered a plea of guilty based upon the promise that he would be sentenced in the low end of the sentencing guidelinés, and that he was sentenced under the 1995 guidelines that were declared unconstitutional. See Heggs v. State, 759 So.2d 620 (Fla.2000).
The alleged date of Wright’s crime was within the window period of October 1, 1995 to May 24, 1997 as established in Trapp v. State, 760 So.2d 924 (Fla.2000). However, the state alleges that Wright’s sentence of 28 months incarceration is not a departure under the 1994 version of the guidelines. The supreme court stated that in the sentencing guidelines context, the only persons adversely affected by the unconstitutional 1995 guidelines would be those whose sentences would constitute a departure under the previous version of the guidelines. See Heggs, 759 So.2d at 627. Wright has not alleged that he was adversely affected. He only alleges that he “could” have been sentenced to 20.6 months. Additionally, neither Wright nor the state have included a copy of the applicable guideline scoresheets.
If Wright is entitled to any relief, it would either be because his plea agreement was based on a mutual misunderstanding concerning the low end of the guidelines or that the omitted scoresheets show that he received an illegal sentence and was adversely affected. Factual issues concerning plea agreements must be raised in a sworn 3.850 motion. See Lancaster v. State, 764 So.2d 835 (Fla. 5th DCA 2000). Because nothing in the record indicates that Wright received anything but a legal sentence, we affirm the order denying his 3.800 motion, without prejudice to the subsequent filing of a *481 facially sufficient Rule 3.850 or 3.800 motion for post-conviction relief.
AFFIRMED WITHOUT PREJUDICE,
PETERSON, GRIFFIN, and SAWAYA, JJ., concur.