PER CURIAM.
Appellant, John Mark Vaughan, Jr., filed a Rule 3.800(a) motion, claiming that his sentence was illegal under Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court denied the motion, finding that the sentence imposed under the unconstitutional 1995 sentencing guidelines could have been imposed under the valid 1994 guidelines. Unfortunately, the trial court failed to attach the relevant portions of the record to support this finding, which ordinarily would require reversal. See, e.g., Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999) (holding that burden is on trial court denying a facially sufficient Rule 3.800(a) motion to attach record establishing movant is not entitled to relief).
However, appellant failed to allege that the court records would show on their face that his sentence was adversely affected by the application of the 1995 guidelines because the sentence imposed could not have been imposed under the 1994 guidelines without a departure. See, e.g., Davis v. State, 765 So.2d 258 (Fla. 5th DCA 2000) (holding that motion raising Heggs claim was insufficient because it failed to allege sentence imposed could not have been imposed under 1994 guidelines). Therefore, we affirm the trial court’s order without prejudice to appellant filing a facially sufficient motion. Should the trial court again deny appellant’s motion, the relevant portions of the record should be attached to the order.
AFFIRMED WITHOUT PREJUDICE.
PETERSON, GRIFFIN and SAWAYA, JJ., concur.