780 So.2d 244 (2001)
Robert F. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3334.
District Court of Appeal of Florida, Second District.
February 16, 2001.
*245 PER CURIAM.
Robert F. Williams appeals the summary denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[1] Williams made two allegations. First he alleged that the forty-seven month sentence he is currently serving for violating his probation is illegal because it exceeds the suspended portion of the true split sentence that was originally imposed. As explained below, we reverse the summary denial of his motion and remand for the trial court to impose a sentence not to exceed forty-three months with credit for time served. Williams next alleged that he is entitled to credit for time spent in a residential drug treatment program. We affirm the trial court's denial of this claim.
Williams was originally sentenced in 1996. Sentence was pronounced as follows:
I adjudicate ... the defendant sentence him to forty-three months Florida State Prison on the condition that the last twelve months of that sentence will be suspended on the condition that he enter into a residential drug program. Following his sentence, he will be on seventeen *246 months probation ... [conditions of probation pronounced].
The written judgment and sentence reflected a prison term of forty-three months followed by seventeen months' probation with "the last 12 months suspended upon defendant's entry into drug treatment." In 1997, while in prison, Williams filed a motion to clarify his sentence, which was granted. The trial court entered an order which provided that "[t]he sentence imposed was 43 months Florida State Prison. The last 12 months of the sentence shall be suspended with the condition that the defendant enter into a residential drug program. Consecutive to the prison sentence was 17 months of probation."
Upon his release from prison, Williams entered into a residential drug treatment program. Williams left that program and, as a result, his probation was violated. Upon admitting to that violation of probation, he received the forty-seven month sentence that he now contends is illegal.
In addressing this motion, the trial court properly recognized that if Williams' original sentence was a true split sentence then his current sentence would be illegal. See Poore v. State, 531 So.2d 161 (Fla.1988) (holding that upon violation of probation on a true split sentence, only the suspended portion of the sentence may be imposed); Lawton v. State, 731 So.2d 60 (Fla. 2d DCA 1999) (holding that a sentence which exceeds the suspended portion of a true split sentence is illegal). The trial court concluded, however, that Williams' original sentence was a probationary split sentence rather than a true split sentence because the sentence called for confinement followed by probation. We cannot agree with this analysis.
The supreme court has defined a probationary split sentence as "consisting of a period of confinement, none of which is suspended, followed by a period of probation." Poore, 531 So.2d at 164. A true split sentence, on the other hand, consists of "a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Id. A true split sentence may be imposed in which the total period of confinement is suspended, in which the probationary period is shorter than the suspended portion of the sentence, see State v. Powell, 703 So.2d 444 (Fla.1997), or in which the probationary period is longer than the suspended portion of the sentence, see Chupka v. State, 775 So.2d 315 (Fla. 2d DCA 2000).
Although the original sentence imposed in this case is somewhat confusing, it is clear that the trial court suspended a portion of the confinement period and that the defendant was in fact placed on probation for that suspended portion (as well as an additional seventeen months). We conclude that the sentence originally imposed in this case was a true split sentence and that the current sentence is therefore illegal. We reverse the summary denial of Williams' motion, vacate the forty-seven month sentence, and remand for Williams to be resentenced to a term not to exceed forty-three months with credit for time served in jail and prison. See Crews v. State, 779 So.2d 492 (Fla. 2d DCA 2000).
We now turn to Williams' claim that he is entitled to credit against his prison sentence for the time he spent in a residential drug treatment facility as a condition of his probation. We conclude that he is not entitled to such credit. See Pennington v. State, 398 So.2d 815 (Fla. 1981). In so holding we do not overlook Hill v. State, 754 So.2d 788 (Fla. 2d DCA 2000), but rather find that Williams was unable to overcome the hurdles posed by Tal-Mason v. State, 515 So.2d 738 (Fla. 1987). Based on the facts alleged in Williams' motion, it is apparent that he was not in "the total custody and control of the state at all times" while at the drug treatment facility. See Tal-Mason, 515 So.2d at 739. We conclude Williams'"confinement" at the residential facility was no *247 more restrictive than the confinement of a person placed on community control and that he is therefore not entitled to credit for this time against his prison sentence. See, e.g., State v. Hester, 695 So.2d 1315 (Fla. 2d DCA 1997) (holding that a person who is sentenced to prison as a result of a violation of probation or community control may not be given credit against that sentence for time spent on community control).
Affirmed in part, reversed in part, and remanded for resentencing.
BLUE, A.C.J., and FULMER and STRINGER, JJ., concur.
NOTES
[1] Williams actually filed two separate motions, which the trial court considered together and ruled on in a single order.