777 So.2d 1208 (2001)
Edward A. COLUMBRO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-3550.
District Court of Appeal of Florida, Fifth District.
February 23, 2001.
Edward A. Columbro, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellee.
*1209 GRIFFIN, J.
Edward A. Columbro ["Columbro"], appeals the summary denial of his Rule 3.800(a) motion. Columbro was sentenced in October or November of 1999 to 37.8 months in the Department of Corrections and alleges he was not given credit for time served in an inpatient drug program. Columbro asserts that he was an inpatient resident at Operation PAR, a drug treatment facility, from December 15, 1998 to April 9, 1999 pursuant to court order. He claims that the term served in the program amounted to a significant and coercive derivation of liberty. Attachments from the treatment center confirm defendant was admitted under a court order to residential treatment on December 15, 1998 and released on April 9, 1999.
The trial court denied defendant's motion, finding that the record was insufficient to establish that defendant would be entitled to credit. We agree that defendant's motion was properly denied. In State v. Mancino, 714 So.2d 429 (Fla.1998), the Florida Supreme Court held that credit issues are cognizable in a Rule 3.800(a) motion when the court records demonstrate on their face an entitlement to relief. Defendant has made no such allegation in this case and, in fact, it appears that the attachments provided were not part of the court record. See, e.g., Lee v. State, 754 So.2d 74 (Fla. 4th DCA 2000); Tranquille v. State, 747 So.2d 426 (Fla. 2d DCA 1999).
We also observe that Rule 3.800 is particularly unsuited to claims for credit based on custodial in-patient treatment. See Nowell v. State, 742 So.2d 345 (Fla. 5th DCA 1999). In the present case, defendant is seeking credit for time served in a drug treatment program which he claims was as coercive and restrictive as jail. This claim raises questions of fact requiring an evidentiary hearing and must be raised in a Rule 3.850 motion. Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996). See also Kamerman v. State, 765 So.2d 63 (Fla. 4th DCA 2000); Williams v. State, 711 So.2d 1369 (Fla. 4th DCA 1998).
AFFIRMED.
PETERSON and ORFINGER, R.B., JJ., concur.