PER CURIAM.
Larry L. Davis, the appellant, appeals the summary denial of his rule 3.850 motion. In his motion, the appellant claims that he is entitled to jail credit from December 1,1997, to March 1, 1999, and from March 1, 1999, to September 3, 1999. The record shows that the appellant received credit from March 1, 1999, to August 19, 1999, the date of his conviction. Although the trial couf-t noted that the appellant had been jailed “at various times for charges in other cases,” it did not attach any documentation evidencing arrest dates or any other documentation refuting the appellant’s claim that he should receive credit for the period of December 1, 1997, to March 1, 1999. See Sheehan v. State, 759 So.2d 747 (Fla. 5th DCA 2000) (reversing and remanding where trial court noted that appellant served time on unrelated charges but failed to attach documentation refuting appellant’s claim of entitlement to jail credit). As the trial court failed to attach sufficient documentation to refute the appellant’s allegations, we reverse the summary denial and remand for the trial court either to consider the motion on the *639 merits or to attach documentation conclusively refuting the appellant’s allegations.
REVERSED and REMANDED.
BARFIELD, C.J., WOLF and POLSTON, JJ., concur.