785 So.2d 1275 (2001)
Robert TOOMAJAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-31.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
*1276 Robert Toomajan, Jr., Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Appellant, Robert Toomajan, Jr., appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm the trial court's order, but without prejudice to appellant filing a facially sufficient motion for jail credit.
Appellant was originally placed on community control for two years, but violated his community control after serving a little more than 19 months, and was sentenced to two and a half years in prison. Appellant first argues that he is entitled to credit on his prison sentence for the time he served on community control. However, the trial court correctly held that credit cannot be awarded for time served on community control. See Young v. State, 697 So.2d 75 (Fla.1997) (section 948.06(2), Florida Statutes, prohibits court from crediting time served on probation or community control toward a sentence of incarceration); Phillips v. State, 651 So.2d 203 (Fla. 5th DCA 1995) (under section 948.06(2), Florida Statutes, when probation or community control is revoked, no part of the time served may be considered as any part of a sentence of incarceration imposed upon revocation).
Appellant also claims that the trial court miscalculated his jail credit. Although this is an issue which can be raised in a Rule 3.800(a) motion, the movant must affirmatively allege that the court records demonstrate on their face an entitlement to relief. See State v. Mancino, 714 So.2d 429 (Fla.1998). Appellant failed to make the necessary allegation, so his motion was properly denied as facially insufficient. See, e.g., Columbro v. State, 777 So.2d 1208 (Fla. 5th DCA 2001) (motion which failed to allege court records demonstrated on face defendant's entitlement to relief was properly denied); Colosimo v. State, 775 So.2d 352 (Fla. 2d DCA 2000) (motion which failed to allege court records demonstrated on face entitlement to relief was facially insufficient).
Although the trial court ignored the defect in appellant's motion and denied it on the merits, the court failed to attach any records to support its determination that appellant was not entitled to additional credit. See, e.g., Sheehan v. State, 759 So.2d 747 (Fla. 5th DCA 2000) (order denying jail credit reversed where court failed to attach any documents to refute defendant's claim). If appellant files a facially sufficient motion, the trial court must attach the necessary portions of the record refuting his entitlement to relief. However, we agree with the court's conclusion that issuance of a hold or detainer is not sufficient to entitle a defendant to credit for time served in another jurisdiction. See Price v. State, 598 So.2d 215 (Fla. 5th DCA 1992).
Finally, appellant argues that he is entitled to be re-sentenced under Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court again failed to attach any documents to support its finding that appellant's offense was committed outside the window *1277 period for relief on Heggs. Nonetheless, the trial court correctly denied relief on this ground. Regardless of when his offense was committed, appellant cannot complain that his original community control sentence was a downward departure. See Weiner v. State, 562 So.2d 392 (Fla. 5th DCA 1990) (defendant's complaint that his sentence was a downward departure is frivolous). See also Stroble v. State, 689 So.2d 1089 (Fla. 5th DCA), rev. denied, 697 So.2d 512 (Fla.1997) (defendant who accepted benefits of community control which was unauthorized is estopped from asserting invalidity after violating conditions).
In addition, even if appellant comes within the applicable window period, he failed to allege any facts showing that he was adversely affected by the application of the 1995 guidelines, as required under Heggs. See Vaughan v. State, 769 So.2d 530 (Fla. 5th DCA 2000) (motion which fails to allege that defendant was adversely affected by application of 1995 guidelines is insufficient). The fact that the trial court could have imposed a shorter term of community control is irrelevant under Heggs, because only the incarcerative portion of sentences must be within the guidelines. See, e.g., Johnson v. State, 765 So.2d 310 (Fla. 5th DCA 2000) (fact split sentence exceeds guideline range is irrelevant, because only incarcerative portion of sentence must fall within guideline range).
Furthermore, appellant acknowledges by his own calculations that the term of incarceration imposed after he violated probation was within the permitted guideline range under the 1994 guidelines. Therefore, he is not entitled to be resentenced. See, e.g., Wright v. State, 769 So.2d 480 (Fla. 5th DCA 2000) (defendant is not entitled to be re-sentenced under Heggs where the sentence imposed under the 1995 guidelines could have been imposed under the 1994 guidelines, without a departure, even though the trial court could have imposed a lesser sentence under the 1994 guidelines).
Accordingly, we affirm the trial court's order, but without prejudice to appellant filing a legally sufficient motion for jail credit which alleges that the court records demonstrate on their face his entitlement to additional credit.
AFFIRMED without prejudice.
PETERSON and PLEUS, JJ., concur.