817 So.2d 924 (2002)
Daniel A. TONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-5057.
District Court of Appeal of Florida, Second District.
May 8, 2002.
EN BANC
CASANUEVA, J.
Daniel A. Toney challenges the order of the trial court denying his motion for jail credit that was filed pursuant to Florida Rules of Criminal Procedure 3.800(a) and 3.850. We affirm and, in so doing, recede from Hill v. State, 754 So.2d 788 (Fla. 2d DCA 2000), Hall v. State, 784 So.2d 1224 (Fla. 2d DCA 2001), and their progeny.[1]
Before addressing the credit for time spent in a drug treatment facility, we review that portion of the trial court's order denying Mr. Toney's motion for credit for time he spent in the Manatee County Jail. It is clear from Mr. Toney's motion for rehearing[2] that the disputed time period is that time Mr. Toney alleged he spent in Sarasota County Jail in this case while being held on a Manatee County detainer. If Mr. Toney is correct in his claim, he is entitled to jail credit against his prison *925 sentence from the date of the issuance of the detainer.[3]See Bryant v. State, 787 So.2d 68 (Fla. 2d DCA 2001) (en banc). Our affirmance is without prejudice to any right Mr. Toney might have to file a facially sufficient rule 3.800(a) motion, see State v. Mancino, 705 So.2d 1379 (Fla.1998), or a timely and legally sufficient rule 3.850 motion seeking credit against his prison sentence for the time he spent in Sarasota County Jail while being held in this case. Any such rule 3.850 motion shall not be considered successive.
We next address Mr. Toney's argument that he is entitled to credit against his prison sentence for time spent in a residential drug treatment facility. As support for his contention, he alleges that the drug treatment facility was the functional equivalent of jail. Not only was he in a facility staffed by personnel from the Department of Corrections, but he was also prohibited from leaving the facility. However, because we now conclude that time spent in a residential drug treatment facility as a condition of probation or community control is not creditable against a sentence of imprisonment, we affirm the denial of Mr. Toney's motion and recede from Hill, Hall, and their progeny.
We begin our review with Tal-Mason v. State, 515 So.2d 738 (Fla.1987). Following his arrest but before a determination of guilt, Tal-Mason was committed by court order to a facility for the purpose of evaluating his competency to stand trial. He remained in state hospitals for more than five years. Later, he pleaded guilty to second-degree murder and received a life sentence. In a postconviction motion, he sought credit against the life sentence for the time he had previously spent in the state mental hospitals. The supreme court agreed that credit should be awarded and found:
[T]he primary purpose of both the treatment and the detention was to hold Tal-Mason until such time as he became competent to stand trial, if ever. Thus, his coercive commitment to a state institution was indistinguishable from pretrial detention in a "jail," as that term is understood in common and legal usage.
Id. at 739. Accordingly, "a detainee must be granted credit for time served prior to conviction in any institution serving as the functional equivalent of a county jail." Id. at 740.
Because Tal-Mason dealt with preconviction confinement, we conclude that it does not support Mr. Toney's request for jail credit. First, Mr. Toney was placed in the drug treatment facility following his conviction, not as a pretrial detainee. The presumption of his innocence, like other constitutional pretrial guarantees, no longer applies. Second, he could have been legally sentenced to prison rather than to its alleged functional equivalent, but he was able to avoid imprisonment as a result of either the court's benevolence or a choice he himself made.
The defendant clearly has a choice to reject those conditions, albeit at the risk of continued detention in jail or prison. Thus, rather than restricting liberty, probationary rehabilitation usually serves to increase it by allowing the probationer an escape from involuntary confinement already lawfully imposed, in favor of a freer environment such as a community-based halfway house. For this reason, participation in such a rehabilitation program does not constitute a coercive deprivation of liberty, and a probationer is not entitled to credit for *926 time spent there after a court finds that he has violated the terms of his probation.
Tal-Mason, 515 So.2d at 739.
Like the supreme court in Tal-Mason, we recognize that section 921.161, Florida Statutes (2000), requires that "the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence." Although Tal-Mason logically and properly extended the meaning of "county jail" to include court-mandated pretrial confinement in a state mental institution, we decline to further stretch the interpretation of the statute. As the Florida Supreme Court stated in Pennington v. State, 398 So.2d 815, 817 (Fla.1981), "[h]alfway houses, rehabilitative centers, and state hospitals are not jails. Their purpose is structured rehabilitation and treatment, not incarceration." This court followed that view in Williams v. State, 780 So.2d 244, 246-47 (Fla. 2d DCA 2001), when it rejected a defendant's claim that he was entitled to credit for time spent in a probationary residential treatment program: "We conclude Williams' `confinement' at the residential facility was no more restrictive than the confinement of a person placed on community control. ..." See also Nowell v. State, 742 So.2d 345 (Fla. 5th DCA 1999) (finding that the defendant's stay at an inpatient drug treatment program while on probation was neither coercive nor custodial). The Williams case, however, cited Hill v. State, 754 So.2d 788 (Fla. 2d DCA 2000), and left an opening for the defendant to prove that he was in "the total custody and control of the state at all times." Williams, 780 So.2d at 246 (quoting Tal-Mason, 515 So.2d at 739). Our decision in this case closes that door.
We are confident that our decision will benefit both the trial courts and, ultimately, the defendants who are given an opportunity to be rehabilitated during probation. No longer will the courts be required to determine, through a hearing, the extent of postconviction time spent in a drug treatment facility to be counted against a subsequently imposed prison term. Nor will the court's or the defendant's initial selection of an appropriate treatment facility be influenced by the quantity of potential jail-type credit the program might provide.
Accordingly, we hold that the time a probationer spends in a post-conviction drug treatment facility is not creditable against a subsequent term in jail or prison. We recede from any language in Hill, Hall, or the line of cases following them that suggests otherwise.
Affirmed.
BLUE, C.J., and PARKER, ALTENBERND, FULMER, WHATLEY, NORTHCUTT, GREEN, SALCINES, STRINGER, DAVIS, SILBERMAN, COVINGTON, and KELLY, JJ., concur.
NOTES
[1] This includes, but is not limited to, Perez v. State, 801 So.2d 166 (Fla. 2d DCA 2001), Sparks v. State, 800 So.2d 726 (Fla. 2d DCA 2001), McCollum v. State, 799 So.2d 1082 (Fla. 2d DCA 2001), Tennell v. State, 787 So.2d 65 (Fla. 2d DCA 2001), and Branton v. State, 787 So.2d 59 (Fla. 2d DCA 2001).
[2] The trial court denied Mr. Toney's motion for rehearing as unauthorized under Florida Rule of Criminal Procedure 3.800(a) even though Mr. Toney filed the motion pursuant to rule 3.800(a) and Florida Rule of Criminal Procedure 3.850.
[3] Mr. Toney, in his motion for rehearing, alleges that he was never released after he was initially sentenced to probation but was transferred to Sarasota County Jail to await bed space in a Sarasota County drug treatment program.