849 So.2d 409 (2003)
Marion SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-475.
District Court of Appeal of Florida, Fourth District.
July 2, 2003.
Marion Smith, Moore Haven, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Marion Smith ("Appellant") seeks review of an order denying his Rule 3.800(a) Motion to Correct Illegal Sentence wherein he requested 270 days of jail credit for the time he spent in the Palm Beach County Sheriff's Drug Farm program. We affirm.
Appellant seeks our determination that the drug farm is the functional equivalent of a jail for all intents and purposes and asks that he be awarded an additional jail credit. His claim raises questions of fact as to the coerciveness and restrictiveness of the program. Appellant's motion was properly denied because his claim requires an evidentiary hearing and must be raised in a Rule 3.850 motion. See Whitehead v. State, 677 So.2d 40, 41 (Fla. 4th DCA 1996) (affirming order revoking probation but remanding for an evidentiary hearing to determine whether or not appellant's service in this drug farm sheriff's facility was sufficiently restrictive to be deemed the equivalent of incarceration). See also Kamerman v. State, 765 So.2d 63 (Fla. 4th DCA 2000) (reversing sworn motion for jail credit for record attachments showing appellant is not entitled to relief or for evidentiary hearing determining whether Turning Point program qualifies appellant for jail time credit); and Columbro v. State, 777 So.2d 1208, 1209 (Fla. 5th DCA 2001) (affirming order denying Rule 3.800 claim which alleged that time served in a drug treatment program was as coercive and restrictive as jail because claim raised factual questions requiring an evidentiary hearing.)
This court makes no determination as to whether a prisoner is entitled to jail time credit for time served in the drug farm. Williams v. State, 711 So.2d 1369 (Fla. 4th DCA 1998); Robinson v. State, 689 So.2d 1147, 1149 n. 1 (Fla. 4th DCA 1997).
Our affirmance, however, is without prejudice for Appellant to raise this claim *410 in a timely filed rule 3.850 motion for post-conviction relief.
FARMER, C.J., GUNTHER and POLEN, JJ., concur.