894 So.2d 1041 (2005)
Angelina May CARRIER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3620.
District Court of Appeal of Florida, Fourth District.
January 26, 2005.
Rehearing Denied March 15, 2005.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant *1042 Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
The issue in this case is whether the trial court erred in failing to award appellant, Angelina Carrier, credit for time served in the sheriff's drug farm program when it imposed sentence upon her finding her in violation of probation. We remand for an evidentiary hearing for the trial court to determine whether the drug farm program that appellant attended was the functional equivalent of a jail, such that appellant should be awarded credit for time served while in the drug farm program.
Appellant pled guilty to burglary of a dwelling and grand theft of a dwelling. Judgment was entered accordingly, and she was sentenced to three years in the Department of Corrections (DOC) as a youthful offender, followed by two, concurrent, three-year probation terms. Ten months later, at the DOC's suggestion, the court modified the sentence, released appellant from the custody of the DOC, and placed her on probation for five years.
Thereafter, appellant was alleged to have violated her probation by possessing marijuana and failing to undergo psychological evaluation and treatment. An amended affidavit filed in September 2000 added the new charge of possession of cocaine and marijuana, as shown by analysis of a urine sample taken from appellant. Appellant admitted the violations, was adjudicated guilty, and was placed on drug offender probation for three years under the supervision of the DOC. A condition of the probation was that appellant "successfully complete [Palm Beach Sheriff's Office] long track drug farm and any recommended aftercare."
Appellant successfully completed the drug farm program and proceeded to the aftercare program called "CARP." In October 2001, appellant violated a condition of her probation when she failed to return to CARP by 6:00 p.m. after work. After appellant's urine tested positive for the drug hydromorphone she also admitted using oxycodone without a prescription. In February 2002, the trial judge placed appellant in the DOC non-secure bed program.
Following a violation of probation hearing, appellant was sentenced to 364 days in the county jail. She received credit for 98 days' incarceration, but the court later granted her motion to correct sentencing error and gave her credit for an additional 75 days. The court denied her request for credit for the time spent in the drug farm.
Appellant argues that she is entitled to credit for the 269 days she spent in the drug farm program. She argues that the program was sufficiently restrictive to be equivalent to incarceration. Appellee disagrees, first arguing that the procedural posture prevents appellant from seeking relief and, second, asserting that the drug farm program is not the equivalent of incarceration.
In Smith v. State, 849 So.2d 409 (Fla. 4th DCA 2003), this court recognized that the question of whether a drug farm is the functional equivalent of a jail for purposes of awarding jail credit "raises questions of fact as to the coerciveness and restrictiveness of the program"; therefore, an evidentiary hearing is required. Id. at 409 (citing Whitehead v. State, 677 So.2d 40, 41 (Fla. 4th DCA 1996) (affirming order revoking probation but remanding for an evidentiary hearing to determine whether or not appellant's service in the drug farm sheriff's facility was sufficiently restrictive to be deemed the equivalent of incarceration); Kamerman v. State, 765 So.2d 63 (Fla. 4th DCA 2000) (reversing sworn motion *1043 for jail credit for record attachments showing appellant is not entitled to relief or for evidentiary hearing determining whether Turning Point program qualifies appellant for jail time credit); and Columbro v. State, 777 So.2d 1208, 1209 (Fla. 5th DCA 2001) (affirming order denying rule 3.800 claim which alleged that time served in a drug treatment program was as coercive and restrictive as jail because claim raised factual questions requiring an evidentiary hearing)).
In this case, appellant filed the proper motion; however, she was denied the opportunity to present evidence, despite being prepared to do so. This was error.
Thus, we affirm the revocation of appellant's probation, but remand for an evidentiary hearing on the issue of whether the drug farm program attended by appellant is the functional equivalent of incarceration in a jail and whether appellant should be awarded credit for additional days time served.
REVOCATION AFFIRMED; REMANDED FOR AN EVIDENTIARY HEARING.
WARNER and GROSS, JJ., concur.