908 So.2d 387 (2005)
STATE of Florida, Petitioner,
v.
Sean E. CREGAN, Respondent.
No. SC04-1461.
Supreme Court of Florida.
July 7, 2005.
*388 Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Celia Terenzio, Bureau Chief, and Melanie A. Dale, Assistant Attorney General, West Palm Beach, FL, for Petitioner.
Bianca G. Liston and James K. Clark of Clark, Robb, Mason, Coulombe, Buschman and Cecere, Miami, FL, for Respondent.
CANTERO, J.
We must decide whether a court may grant jail-time credit for time spent in a drug rehabilitation facility as a condition of community control. The district court below held it could, Cregan v. State, 884 So.2d 127, 128 (Fla. 4th DCA 2004), but certified conflict with two district courts that held it could not. See Molina v. State, 867 So.2d 645 (Fla. 3d DCA 2004); Toney v. State, 817 So.2d 924 (Fla. 2d DCA 2002). We have jurisdiction to resolve the certified conflict. See art. V, § 3(b)(4), Fla. Const.; State v. Cregan, 889 So.2d 72 (Fla.2005) (granting review). For the reasons explained below, we hold that a defendant who violates the conditions of his community control cannot receive credit against a subsequent prison sentence for the time he spent in a drug rehabilitation facility.

I. FACTS
Sean E. Cregan was sentenced to one year of community control, to be followed by one year of probation. As a special condition of his community control, Cregan attended a six-month drug rehabilitation program at a facility called Turning Point Bridge. After completing the program, however, he violated the conditions of his community control. The court then sentenced him to 30.1 months in prison.
Cregan filed a motion under Florida Rule of Criminal Procedure 3.800(c) seeking credit against his prison sentence for the 186 days he spent at Turning Point Bridge. The trial court summarily denied the motion. Cregan then filed a motion to correct his sentence under Florida Rule of Criminal Procedure 3.850. He again argued that his drug rehabilitation program was the functional equivalent of jail time and, under section 921.161(1), Florida Statutes (2003), should have been credited against his sentence. The trial court summarily denied that motion as well.
On appeal, the Fourth District Court of Appeal reversed and remanded for an evidentiary hearing. Cregan, 884 So.2d at 128. The district court concluded that, although the trial court did have "discretion to deny credit for the Turning Point Bridge drug program," it should not have "denied credit as a matter of law . . . without affording Cregan an evidentiary hearing." Id. The district court certified conflict with Toney, 817 So.2d at 926, and Molina, 867 So.2d at 645, both of which upheld the denial of credit as a matter of law. We now resolve the conflict.

II. ANALYSIS
The statute that governs jail-time credit is section 921.161(1), Florida Statutes (2003). It provides:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county *389 jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
Read literally, this statute applies only to time a prisoner spends in the county jail awaiting a sentence. But we have interpreted the statute to require credit for time served "in any institution serving as the functional equivalent of a county jail." Tal-Mason v. State, 515 So.2d 738, 740 (Fla.1987). We held in Tal-Mason, for example, that a defendant was entitled to credit for the five years he was confined at state mental hospitals before trial. Id. at 738, 740.
Nevertheless, we have narrowly interpreted what we called "the functional equivalent of a county jail." Time spent in the control release program, Gay v. Singletary, 700 So.2d 1220, 1222 (Fla.1997), or in a drug rehabilitation facility as a condition of probation, Pennington v. State, 398 So.2d 815, 816 (Fla.1981), is not the functional equivalent of time spent in a county jail. See Tal-Mason, 515 So.2d at 739 (distinguishing Pennington on the ground that "participation in [a probationary] rehabilitation program does not constitute a coercive deprivation of liberty"). We now confront the slightly different issue of whether a defendant may be given jail-time credit when the time spent in a drug rehabilitation facility was a condition of community control instead of probation.
We first applied the jail-time credit statute to community control in Fraser v. State, 602 So.2d 1299 (Fla.1992). Fraser involved the following certified question: "When the trial court sentences a defendant to a period of time under the Department of Corrections, pursuant to a violation of community control, can he be given credit for time served on community control under section 921.161, Florida Statutes (1985)?" Id. at 1300. The case involved unusual facts: the petitioner had been successfully completing a sentence of community control when he was informed that, due solely to a trial court error, the sentence was illegally imposed. We concluded that "it would be unfair and inequitable to penalize him for a clerical mistake for which he was not responsible." Id. We therefore held that "[u]nder the circumstances presented" the petitioner was entitled to credit for the time he had spent in community control. Id.
We later confined Fraser's holding to the unique circumstances involved. See Young v. State, 697 So.2d 75 (Fla.1997). In Young, the petitioner had been given a prison sentence to be followed by a period of community control. Id. at 76. After serving his entire prison sentence and part of his community control, he violated the conditions of his community control. Id. The trial court refused to give him credit against his subsequent prison sentence for the time he spent in community control. Id. We upheld that decision, noting that section 948.06(2), Florida Statutes (1993), provided that "[n]o part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he shall be sentenced to serve." We interpreted that provision (since renumbered as section 948.06(3), see ch. 97-299, § 13, Laws of Fla.) as establishing a general rule that "credit cannot be given for time served on community control." Young, 697 So.2d at 77. Fraser, we explained, merely "recognized a limited exception to this general rule" for those unusual circumstances "when the original term of community control is revoked as illegal." Id. at 77 n. 6.[1]
*390 After Young, three district courts have held that the plain meaning of section 948.06(3) forbids jail-time credit for time spent in community control, with the limited exception adopted in Fraser. See Robinson v. State, 850 So.2d 658, 661 (Fla. 1st DCA 2003) (holding that "time served on community control may not be applied to a post-revocation sentence of incarceration"); Griffin v. State, 838 So.2d 1218, 1220 (Fla. 3d DCA 2003) (holding that "Florida law dictates that credit cannot be given for time served on community control"); Toomajan v. State, 785 So.2d 1275, 1276 (Fla. 5th DCA 2001) (holding that "credit cannot be awarded for time served on community control").
Despite this clear statutory directive, Cregan insists he is entitled to credit for the time he spent in a drug rehabilitation facility as a condition of community control. He argues, first, that section 948.06(3) applies only when the revocation of a defendant's community control results in supervised release, as opposed to imprisonment. The entire provision reads:
When the court imposes a subsequent term of supervision following a revocation of probation or community control, it shall not provide credit for time served while on probation or community control toward any subsequent term of probation or community control. However, the court may not impose a subsequent term of probation or community control which, when combined with any amount of time served on preceding terms of probation or community control for offenses before the court for sentencing, would exceed the maximum penalty allowable as provided by s. 775.082. No part of the time that the defendant is on probation or in community control shall be considered as any part of the time that he or she shall be sentenced to serve.
§ 948.06(3), Fla. Stat. (2003).
Cregan claims that the first sentence of section 948.06(3) modifies the last one. That is, he argues that the statute only applies when, after a violation of probation or community control, a court imposes a further term of probation or community control. This argument overlooks the plain language of the last sentence. It also ignores the history of the statute. For more than fifty years, the last sentence of section 948.06(3) stood alone. See ch. 20519, § 26, Laws of Fla (1941). We interpreted it in Young. Approving the district court's decision in Young v. State, 678 So.2d 427 (Fla. 4th DCA 1996), we held that the provision prohibited a court only from applying time spent on probation or community control to a subsequent term of incarceration. See Young, 697 So.2d at 77 n. 5 ("The term `sentence' in section 948.06 refers to incarceration. It does not refer to probation. Nor does the term `sentence' refer to community control.") (citations omitted). During the period between the district court's decision and ours, the Legislature added the other two sentences. See ch. 97-78, § 23, Laws of Fla. Therefore, the statute now prohibits a court from applying time spent on *391 probation or community control even to a subsequent term of probation or community control. As we explained, the amendment lent "further support [to] our conclusion that the legislature does not intend that a releasee who violates the terms and conditions of release receive credit for time spent under that failed supervision." Gay, 700 So.2d at 1222 n. 5. Our holding in Young therefore remains valid.
Cregan's other argument against applying section 948.06(3) is that time spent in a drug rehabilitation program as a condition of community control is significantly more restrictive than time spent purely on community control, and that an evidentiary hearing is necessary to determine whether his particular program was the functional equivalent of time served in a county jail under section 921.161(1). We disagree. Section 948.06(3) admits of no exceptions: "No part of the time that the defendant is. . . in community control shall be considered as any part of the time that he or she shall be sentenced to serve." § 948.06(3), Fla. Stat. (2003). We decline to create an exception for time spent in a drug rehabilitation facility as a condition of community control. As we have previously explained, community control is by nature restrictive. See State v. Mestas, 507 So.2d 587, 588 (Fla.1987) (referring to community control as "a harsh and more severe alternative to ordinary probation"); see also Fraser, 602 So.2d at 1300 (referring to community control as "a more coercive deprivation of liberty and a more serious penalty than probation"). It is defined as "a form of intensive, supervised custody in the community," pursuant to which an offender's "freedom . . . is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced." § 948.001(2), Fla. Stat. (2003). Those sanctions can be quite strict, including "curfew, revocation or suspension of the drivers license, community service, deprivation of nonessential activities or privileges, or other appropriate restraints on the offenders liberty." § 948.01(3)(a), Fla. Stat. (2003). Given that community control is restrictive by definition, we decline to conclude that treatment in a drug rehabilitation facility is so much more restrictive as to be tantamount to confinement in the county jail.
We also decline to read the jail-time credit statute as overriding the plain language of section 948.06(3). The jail-time credit statute requires that a defendant be credited for time "spent in the county jail before sentence." Although we have read that language as extending to analogous settings, such a reading should not frustrate section 948.06(3), which specifically precludes jail-time credit for time spent in community control. As we have recently emphasized, "a specific statute covering a particular subject area always controls over a statute covering the same and other subjects in more general terms." Stoletz v. State, 875 So.2d 572, 575 (Fla.2004) (quoting McKendry v. State, 641 So.2d 45, 46 (Fla.1994)). Thus, we must respect the specific directive in section 948.06(3).

III. CONCLUSION
We hold today, as we did in Young, that a defendant who violates the conditions of community control cannot be given credit against a subsequent term of incarceration for the time spent in community control. See § 948.06(3), Fla. Stat. (2003). This prohibition applies when a defendant spends time in a drug rehabilitation facility as a condition of his community control. We therefore quash the decision of the district court and hold that the trial court correctly denied jail-time credit as a matter of law.
It is so ordered.
*392 PARIENTE, C.J., and WELLS, ANSTEAD, QUINCE, and BELL, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] We are baffled by the parties' failure in their merits briefs to cite section 948.06(3), Fraser, or Young. Those authorities directly address whether jail-time credit may be granted for time spent in community control. After we ordered supplemental briefing, the State argued that those authorities control. Cregan attempted to distinguish Fraser and Young by arguing that they "impermissibly extend" the meaning of section 948.06(3), which essentially argues for receding from controlling precedent. We remind counsel of their obligation to disclose controlling legal authority, even if it is "directly adverse to the position of the client and not disclosed by opposing counsel." R. Regulating Fla. Bar 4.3-3(a)(3). We remind counsel as well of their duty to "act with reasonable diligence" in locating controlling authority. R. Regulating Fla. Bar 4-1.3. If attorneys arguing before this Court believe that seemingly controlling authority is distinguishable, then they should explain the distinction, not ignore the authority.