909 So.2d 460 (2005)
Charles Jason COMER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-1010.
District Court of Appeal of Florida, Fourth District.
August 24, 2005.
*461 Charles Jason Comer, Gainesville, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant challenges the trial court's denial of his post-conviction motion that sought jail-time credit for 116 days appellant spent in the CARP drug treatment program while on community control. We withdraw our previous opinion in this case and, based on the Supreme Court of Florida's decision in State v. Cregan, 908 So.2d 387 (Fla.2005), affirm the trial court's denial of postconviction relief.
The supreme court in Cregan quashed this court's decision in Cregan v. State, 884 So.2d 127 (Fla. 4th DCA 2004), which had certified conflict with Toney v. State, 817 So.2d 924 (Fla. 2d DCA 2002), and Molina v. State, 867 So.2d 645 (Fla. 3d DCA 2004). The supreme court held that "a defendant who violates the conditions of community control cannot be given credit against a subsequent term of incarceration for the time spent in community control." Cregan, 908 So.2d at 391. See § 948.06(3), Fla. Stat. (2003) (prohibiting the crediting of time spent on probation or community control to a subsequent prison sentence); Young v. State, 697 So.2d 75 (Fla.1997) (same). Thus, the trial court properly denied appellant's motion.
We acknowledge that the supreme court's decision in Cregan, approving Toney and Molina, overruled a line of cases from this court which held that a defendant could be credited with time served in a drug treatment facility as a condition of probation. Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996). See also Phillips v. State, 816 So.2d 1154 (Fla. 4th DCA 2002); Kamerman v. State, 765 So.2d 63 (Fla. 4th DCA 2000); Rasik v. State, 717 So.2d 618 (Fla. 4th DCA 1998); Johnson v. State, 830 So.2d 194 (Fla. 4th DCA 2002); Leach v. State, 774 So.2d 899, 900 (Fla. 4th DCA 2001); Williams v. State, 699 So.2d 845 (Fla. 4th DCA 1997); Carrier v. State, 894 So.2d 1041, 1042 (Fla. 4th DCA 2005); Smith v. State, 849 So.2d 409, 409 (Fla. 4th DCA 2003).
Whitehead and its progeny are no longer valid on this point of law. Toney and Molina, as approved by Cregan, properly set out the law of Florida on this subject. See also Hamilton v. State, 898 So.2d 172, 173 (Fla. 4th DCA 2005) (Polen, J., concurring specially). Upon a violation of probation or community control, a defendant is not entitled to time served in a drug treatment program or other facility that was a condition of probation or community control, regardless of whether the facility may be characterized as the "functional equivalent of jail."
Post-conviction treatment in a drug rehabilitation facility as a condition of probation or community control is contractual in nature, not a coercive deprivation of liberty. Tal-Mason v. State, 515 So.2d 738, 739 (Fla.1987). A trial court may not give jail credit for time spent on probation or community control.
GUNTHER, SHAHOOD and HAZOURI, JJ., concur.