925 So.2d 386 (2006)
Angelina May CARRIER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2535.
District Court of Appeal of Florida, Fourth District.
March 22, 2006.
Rehearing Denied April 27, 2006.
*387 Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Angelina May Carrier appeals from the trial court's denial of her request for credit for time served in the sheriff's drug farm program. Carrier contends that this is the functional equivalent of incarceration, thereby entitles her to credit for time spent in the drug farm facility.
This is the second time that this case has been before this court. Previously, in Carrier v. State, 894 So.2d 1041 (Fla. 4th DCA 2005), we remanded the case to the trial court to hold an evidentiary hearing to determine "whether the trial court erred in failing to award appellant, Angelina Carrier, credit for time served in the sheriff's drug farm program when it imposed sentence upon her finding her in violation of probation." Carrier, 894 So.2d at 1042.
Upon remand the trial court held an evidentiary hearing and concluded that Carrier was not entitled to credit for time served in the sheriff's drug farm program, because Carrier voluntarily entered the drug farm program as a part of her probation, and therefore, the time in the sheriff's drug farm program did not constitute the functional equivalent of jail time. We affirm.
The issue in this case is controlled by the recent decision in State v. Cregan, 908 So.2d 387 (Fla.2005). In Cregan, the supreme court specifically noted, "[t]ime spent in the control release program, or in a drug rehabilitation facility as a condition of probation, is not the functional equivalent of time spent in a county jail." Cregan, 908 So.2d at 389 (citations omitted).
The Cregan case was before the supreme court on a certified conflict between this court and the Second and Third District Courts of Appeal. See Toney v. State, 817 So.2d 924 (Fla. 2d DCA 2002); Molina v. State, 867 So.2d 645 (Fla. 3d DCA 2004). In both Toney and Molina, the respective district courts held that the time a probationer spends in a post-conviction drug treatment facility is not creditable against a subsequent term in jail or prison. In approving both the Second and the Third District Courts of Appeal, and quashing this court's decision in Cregan v. State, 884 So.2d 127 (Fla. 4th DCA 2004), the court held: "a defendant who violates the conditions of community control cannot be given credit against a subsequent term of incarceration for the time spent in community control." Cregan, 908 So.2d at 391; see § 948.06(3), Fla. Stat. (2003). "This prohibition applies when a defendant spends time in a drug rehabilitation facility as a condition of his community control." Cregan, 908 So.2d at 391.
*388 Following the supreme court's decision in Cregan, this court was faced with the issue of whether a defendant would be entitled to post-conviction jail-time credit for 116 days that the defendant spent in the CARP drug treatment program while on community control. See Comer v. State, 909 So.2d 460 (Fla. 4th DCA 2005). In affirming the trial court's denial of jail-time credit for time spent in CARP, this court noted the supreme court's opinion in Cregan and concluded that "[p]ost-conviction treatment in a drug rehabilitation facility as a condition of probation or community control is contractual in nature, not a coercive deprivation of liberty. A trial court may not give jail credit for time spent on probation or community control." Comer, 909 So.2d at 461 (citation omitted). In this case, Carrier, as part of her probation, voluntarily entered into the drug farm program and therefore there is no court ordered deprivation of liberty. As a result, Carrier's stay in the drug farm program cannot be considered a sentence for which jail-time credit can be awarded.
Affirmed.
WARNER, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the majority opinion. I am writing to clarify that, because the appellant's time in the drug farm was spent as a condition of probation, it was unnecessary to reach the issue of whether being in the drug farm is the functional equivalent of being in the county jail.
At the evidentiary hearing, Lieutenant Merkle, who runs the drug farm for the Palm Beach County Sheriff's Office, testified that the drug farm is located within the Palm Beach County Stockade, and that the stockade is a minimum security jail where inmates who are sentenced to serve time in the county jail are incarcerated. Lieutenant Merkle testified that participants in the drug farm are incarcerated and can be charged with escape if they leave. Drug farm participants are more restricted as to when they can watch television, and when they can have visitors, than non-drug farm inmates. They are required to wear uniforms, as are non-drug farm inmates, and only leave the stockade for work detail under the supervision of a corrections employee. The transportation to court for hearings is the same as for general inmates, in the company of deputy sheriffs.
The reason I am pointing this out is that Lieutenant Merkle testified that some drug farm inmates are incarcerated as part of their sentence, not as a condition of probation. An inmate in the drug farm who is serving part of a normal sentence, in my opinion, would be entitled to credit for time spent, because this drug farm is the functional equivalent of incarceration in the county jail. There is no evidence from which it could be found that drug farm inmates are guarded less, or restricted less, than regular county jail inmates.