989 So.2d 729 (2008)
Patrick L. WALTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2930.
District Court of Appeal of Florida, Fourth District.
September 3, 2008.
Patrick L. Walton, Moore Haven, pro se.
No appearance required for appellee.
PER CURIAM.
Patrick Walton appeals the denial of his rule 3.800(a) motion, which sought credit towards his prison sentence for 100 days that Walton served on community control. Walton's motion cites cases that require time previously served on community control or probation to be considered when a court imposes a subsequent term of supervision for purposes of calculating the maximum term of supervision the defendant can be required to serve. See Kocher v. State, 651 So.2d 1288 (Fla. 3d DCA 1995).
However, the probation statute expressly forbids a trial court from crediting any of the time a defendant serves on probation or community control towards a prison sentence imposed following revocation. § 948.06(3), Fla. Stat. (providing: "No part of the time that a defendant is on probation or community control shall be considered as any part of the time that he or she shall be sentenced to serve"). See also State v. Cregan, 908 So.2d 387 (Fla. 2005) (holding that a defendant who violates community control cannot be given credit against a subsequent term of incarceration for the time spent on community control, including time spent in a drug rehabilitation facility as a condition of community control).
Affirmed.
WARNER, TAYLOR and MAY, JJ., concur.