OPINION ON MOTION FOR REHEARING
PER CURIAM.
This cause is before us on Appellant’s motion for rehearing. We deny the motion for rehearing, but withdraw our former opinion of August 25, 2010, and substitute this corrected opinion in its place.
We affirm the trial court’s partial denial of Appellant’s Florida Rule of Criminal Procedure 3.800(a) motion requesting jail credit for time served while out on bond, but under some restrictions of his freedom, during the time his case was pending. We find Appellant’s appeal to be frivolous, and write to refer Appellant to the Department of Corrections for disciplinary procedures in accordance with section 944.279, Florida Statutes (2008). This opinion constitutes the written findings required under that section.

Judicial Inquiry and Findings

Appellant pled guilty to two counts of sexual battery by a person in familial or custodial authority, three counts of lewd or lascivious exhibition in the presence of a child, and two counts of lewd or lascivious molestation of a child. While the charges were pending, Appellant spent 35 days in jail, and an unspecified amount of time released on bond, during which he was required to wear a Global Positioning Satellite (GPS) monitor. After sentencing, Appellant filed a motion under Florida Rule of Criminal Procedure 3.800(a), essentially claiming that he should have received jail credit for the time spent on out bond with GPS monitoring because it was like being incarcerated. The court correctly denied Appellant’s argument, citing *1133 Young v. State, 697 So.2d 75, 77 (Fla.1997), and Toomajan v. State, 785 So.2d 1275, 1276 (Fla. 5th DCA 2001), for the holding that time spent on community control does not, by law, entitle him to credit for time served in jail. On appeal, Appellant merely reargues that the restrictions placed upon him while out on bond should count as time incarcerated.
A court may “at any time” determine whether a collateral criminal proceeding is filed in good faith. See § 944.279(1), Fla. Stat. (2008). The statute equates a lack of “good faith” with a determination that the collateral action was “frivolous.” See id.; § 944.28(2)(a), Fla. Stat. (authorizing the Department of Corrections to forfeit gain-time when an inmate files a “frivolous suit, action, claim, proceeding, or appeal”).
Appellant’s appeal is frivolous because the trial court clearly and unambiguously explained, in denying Appellant’s rule 3.800(a) motion, that credit would not be awarded for time spent while out on bond. This appeal could not have been filed in good faith because the law is well settled in this area. Time spent on community control is expressly prohibited from being credited towards a prison sentence. § 948.06(3), Fla. Stat. (2008) (“No part of the time that the defendant is ... in community control shall be considered as any part of the time that he or she shall be sentenced to serve.”); see State v. Cregan, 908 So.2d 387, 391 (Fla.2005); Young, 697 So.2d at 77; Walton v. State, 989 So.2d 729 (Fla. 4th DCA 2008). Therefore, it follows that a person who remains free while on pretrial release, despite some restrictions, is not entitled to credit this time towards his prison sentence. We do not address whether the trial court should have imposed sanctions under section 944.279, Florida Statutes, but note that under the plain terms of the law, any court is authorized to report a frivolous or malicious collateral criminal proceeding to the Department of Corrections for disciplinary proceedings.
We hold that Appellant’s appeal of the trial court’s order denying relief in this collateral criminal proceeding is frivolous. We direct the clerk of this court to forward a certified copy of this opinion to the appropriate correctional institution for the imposition of disciplinary proceedings against Appellant, in accordance with section 944.279, Florida Statutes (2004).
AFFIRMED. Certified Opinion FORWARDED to the Department of Corrections.
THOMAS, ROBERTS, and MARSTILLER, JJ., concur.